Totten, J.,
delivered the opinion of the court.
The action is debt, in the circuit court of Playwood, on a bill single for one thousand dollars. There were several issues of fact. One of the defendants, the said Johnson, pleaded that he had signed the bill single as surety for Norman T. Cherry, the principal obligor, upon the condition, that if he procured one Griffin Robison also to'execute it as his surety, it should then be delivered to the obligee, but not otherwise; and that he delivered said bill single to said Norman T. Cherry as an escrow, and not as his act and deed. To this plea there is a replication traversing its truth, and the verdict of the jury, upon all the issues, being in favor of the plaintiff, and judgment rendered thereon, the defendant has appealed in error to this court.
The only question material to be noticed, arises upon the charge of the court, which is as follows : “That to constitute an escrow, it was necessary that the writing obligatory be delivered to a third person, to be held by him until the conditions upon which it was to become absolute, be complied with. *522 That the delivery of a bond by the obligor to the obligee himself, though coupled with a condition, is no escrow, for the delivery to him renders the bond absolute and the condition void.”
There is no error in this charge of the court. A delivery may be either absolute, that is to the obligee or grantee himself; or to a third person to hold till some conditions be performed, specified at the time of the delivery. In the last case it is not delivered as a deed but as an escrow, and is of no validity until the conditions be performed. 2 Bl. Com. 307; 4 Kent’s Com. 446. But a delivery cannot be to the obligee as an escrow. 4 Com. Dig. 264, m.; 2 Cro. 86; Co. Litt. 36, a; Hurlstone on Bonds, 8; Ward vs. Lewis, 4 Pick. R., 520. So in Moss vs. Riddle, 5 Cranch, 351, it was held, that a bond cannot be delivered to the obligee as an escrow. To the same effect is Blume vs. Bowman, 2 Iredell R., 338, where it was further held, that it may be delivered by a surety to the principal obligor as an escrow.
In Perry vs. Patterson, 5 Hum. R., 135, a surety executed a note with the principal promissor and delivered it to him upon the condition, that he procure an other surety to execute the same, before its delivery to the payee. The court say this constitutes the delivery an escrow, and it is not obligatory unless the condition be performed. It will be observed that the delivery in .that case was to the principal debtor and not to the creditor.
There being no error in the record, the judgment will be affirmed.