T. T. LONG, Plaintiff in Error, v. ISADORE ALFORD et al., Defendants in Error.

Middle Section. May 1, 1931.

Petition for Certiorari denied by Supreme Court, January 23, 1932.

2

Charles D. Fox and William Gwosdof, of Nashville, for plaintiff in error, Long.

Elkin Garfinkle, of Nashville, for defendants in error, Alford et al.

CROWNOVER, J. This action was brought by T. T. Long against Isadore Alford and F. S. Thomas to recover damages for the wrongful garnishment of his wages.

The declaration contained three counts: the first count was for wrongful garnishment, the second count for malicious prosecution, and the third count for libel. The defendants pleaded not guilty.

The case was tried by the judge and a jury. At the close of plaintiff's proof, and again at the conclusion of all the proof, the defendants moved for a directed verdict on each count separately, which motions were overruled. After argument of counsel, the jury was respited for five days, when the judge directed the jury to return a verdict in favor of the defendants. The plaintiff's motion for a new trial having been overruled, he has appealed in error to this court and has assigned several errors, but the determinative question in this case is whether the court erred in directing a verdict for the defendants.

Isadore Alford operated a dry goods business under the name of the Alford Dry Goods Company, in the City of Nashville, and had an account of $15 against S. T. Long and E. L. Brake. Long and Brake had executed a power of attorney, authorizing J. H. Doyle and E. C. Doyle to accept service of process or to confess judgment against them in favor of the Alford Dry Goods Company for the amount of said account with reasonable attorneys' or collectors' fees and costs.

When the account was due Alford sent it to J. M. Lanier, a Justice of the Peace, in Nashville, for suit to be instituted. A war-

rant against S. T. Long and E. L. Brake was filled out by Miss Mary Barbee, a clerk in the Justice's office, but it was not signed by the Justice. On the back of the warrant was written, the style of the case and the word "Confessed," and at the bottom of the warrant was also written "Thomas."

On the Justice's docket was written: "Judgment 9385 entered December 11th in favor of Alford Dry Goods Company v. S. T. Long and E. L. Brake—judgment for plaintiff for $15, fee $3.75, total of $18.75."

On December 27th execution was issued in favor of Isadore Alford against S. T. Long and E. L. Brake for $18.75 and costs, and the same was delivered to J. B. Kennell, D. S., who, on January 4, 1929, served a garnishment on the DuPont Rayon Co. at Old Hickory, in Davidson County, garnisheeing the wages of S. T. Long. The Du-Pont Rayon Co. answered that they owed $16.80 and they issued a check for this amount which was given to the officer, who made his return to said Justice of the Peace. It appears that $5.75 of this amount was appropriated to costs and the balance was held by the Justice of the Peace. The officer gave a receipt to the DuPont Rayon Co. for the $16.80; but it developed that this amount was the wages of T. T. Long and not S. T. Long. When T. T. Long later applied to the DuPont Rayon Co.'s office, on January 4th, for his wages, he was informed of the garnishment proceeding. That afternoon he went to the office of the Justice of the Peace, who was not in, but he saw the defendant, Thomas, and other employees in the office, who showed him the papers and record in the case, and he saw that they were executed against S. T. Long, and he informed Thomas and the other employees in the office of the Justice that they had garnisheed the wrong man, and he demanded his money, but defendant Thomas and the clerks in the office of the Justice refused to return the money. Defendant Thomas called up defendant Alford and talked with him about the situation and informed him of the plaintiff T. T. Long's claim. Thereupon, Long was put on the telephone to talk with defendant Alford, and he informed Alford that they had garnisheed the wrong man, that T. T. Long owed him nothing, and demanded his money. Alford replied: "I can't help that; if you will bring in S. T. Long and E. L. Brake we will turn you loose. If you don't, we are going to keep the money." Then Long demanded the money of defendant Thomas, and Thomas repeated the same thing, that he would not give him the money unless he brought in S. T. Long and E. L. Brake, and remarked that if the plaintiff, T. T. Long, got interested enough in it he would bring them in. Long remonstrated with them that he did not know the parties and would not bring them in, and they refused to give him his money. He left and next day he employed

an attorney who went with him to the Justice's office and again interviewed Thomas and insisted that they had garnisheed and obtained the wrong man's wages, and demanded the return of the money. The money was returned to him on that date and Thomas wrote a note to the DuPont Rayon Co., stating that they had garnisheed the wrong man's wages.

T. T. Long says that he saw the papers on January 4th and that the garnishment proceeding was then against S. T. Long, but when he saw the papers next day they had been changed so as to garnishee Tenor Long's wages, by scratching out the "S." in S. T. Long's name and writing "Tenor," thus making the proceeding against Tenor Long, but the warrant and judgment had not been changed.

This damage suit was instituted against Isadore Alford and against F. S. Thomas as agent of Alford and as an individual.

Now, it is insisted that the trial judge was in error in directing a verdict as to all three counts of the declaration. After a careful examination of the record we are of the opinion that this insistence is well made, for the reason that there is enough proof for the case to be submitted to the jury on the counts.

The plaintiff's proof shows that Thomas is a collector and has an office adjoining the office of the Justice of the Peace, and that he had the warrant written up and the judgment entered, upon which the execution and garnishment were had. He had charge of the matter, and his name appeared on the back of the warrant. The account was for only $15 but $3.75 was added for attorney's fees, although Alford says that he sent the account to the Justice of the Peace for collection. When the plaintiff went to the office of the Justice he interviewed Thomas, and Thomas telephoned Alford, and then told the plaintiff that he could not get the money unless he produced S. T. Long and E. L. Brake. One of the employees in the office stated that Thomas was a collector and had charge of this collection. Alford admits that he gave other accounts to Thomas for collection. Thomas did not testify, although he knew more about the whole matter than anyone connected with it.

Alford says that he merely sent the account to the magistrate to collect and was not interested in the manner in which he collected it, and had nothing to do with the garnishment proceedings, and when they telephoned him that T. T. Long's wages had been garnisheed he looked up the matter and told them that he had nothing against T. T. Long and did not want his money, but the plaintiff testified that when he talked to Alford he told him that he had garnisheed the wrong man's salary and explained the matter to him and demanded his money, but Alford refused to return the money

unless he would produce S. T. Long and E. L. Brake, thus showing that he ratified the wrongful garnishment of the wages.

The whole proceeding was void on its face and subject to collateral attack.

"To support the judgment of a court of inferior jurisdiction as of a Justice of the Peace, the record must affirmatively show existence of all jurisdictional facts, such as service of process." Bass v. Southern Surety Co., 158 Tenn., 233, 12 S. W. (2d), 714.

The proof shows that there was no service of process in the original proceeding and that the Doyles who were authorized to confess judgment did not do so, and in fact the Justice of the Peace never signed the warrant, and the record therefore shows that he had no jurisdiction and the proceeding is void on its face. But notwithing this the Justice issued execution upon which the officer attempted to garnishee the salary of S. T. Long, but instead collected the salary of T. T. Long, and then the garnishment was attempted to be changed so as to make it against Tenor Long.

One may maintain an action for the wrongful levy of an execution under a void judgment or for wrongful garnishment. 28 C. J., 542-3; 14 Am. & Eng. Ency. of Law, 2 Ed., 914; Duff v. Read, 74 Kan., 730; Dale v. Hartman, 157 Tenn., 60, 6 S. W. (2d), 319.

The latter suit was a replevin suit to recover household goods wrongfully attached for the debts of the husband, but as the goods had been disposed of the suit was amended so as to sue for a conversion of the property, and a recovery was had.

There is proof that both Alford and Thomas, who had the matter in their hands, after they knew the facts, ratified the action of the officer in garnisheeing T. T. Long's salary and refused to turn over the money to him unless he produced the other men, until after he employed a lawyer and again demanded the money.

"The plaintiff in the writ is not liable for abuse of process or other unlawful act of the officer in executing it unless he in some way directs, advises, or encourages the acts of the officer. But if he directs the acts of the officer, or with full knowledge of them ratifies them, he is liable." 19 Am. & Eng. Ency. of Law, 2 Ed., 630.

Plaintiff Long testified that this change of the name by adding his name, instead of S. T. Long, was in the handwriting of Thomas. Hence, we think that there is enough evidence for the court to have submitted the issue of the first count of the declaration to the jury as against both defendants.

The question of whether the second count should have been submitted to the jury raises a much more serious proposition. As above shown, the original judgment was void on its face and subject to

collateral attack. The authorities are greatly divided on whether a suit for malicious prosecution can be maintained on a void proceeding. The courts of several states have held that where the proceeding is void a suit for malicious prosecution cannot be maintained. 19 Am. & Eng. Ency. of Law, 2 Ed., 654; 38 C. J., 390. The case of Herzog v. Graham, 9 Lea, 154, rather indicates that a suit for malicious prosecution must be based on prosecution under lawful process in the forms of law; but after an investigation of the authorities we are of the opinion that the better rule is that laid down in 18 R. C. L., 21, sec. 10, as follows:

"Other authorities, however, hold that it is no defense to an action for malicious prosecution that the complaint or affidavit made by the prosecutor failed to state any offense, or that the warrant issued thereon was void. As pointed out by some of the decisions upholding the right to maintain the action, the injury to the accused is the same, whether the warrant is legal or illegal, the defendant is the cause of the prosecution, and since he has done all he could in furtherance of it, the officer's error should not excuse him."

In other words, we think that when one maliciously puts the machinery of the court into operation, whether the proceedings be irregular or void can make little difference, as the result is the same.

Both the principal and the agent are liable for malicious prosecution where they authorize or ratify the act. 19 Am. & Eng. Ency. of Law, 2 Ed., 691.

We think the court erred in directing a verdict in favor of Thomas on the third count, as we are of the opinion that there was sufficient evidence for this issue to have been submitted to the jury as to him, in view of the fact that the plaintiff testified that the change in names in the garnishment proceeding was in the handwriting of Thomas, and others testified that Thomas had charge of the collection of this account; but we are of the opinion that there is no evidence to show that defendant Alford knew of or ratified the change of the name in the garnishment proceeding, and therefore he would not be liable in damages for libel.

There are several other assignments of errors which we think are immaterial and all of them are overruled.

The assignment that the court erred in not allowing the plaintiff to amend his declaration so as to charge that the judgment was void, in overruled for the reason that it should have been brought to the court's attention before the verdict was directed, but on remand plaintiff may renew his motion to amend his declaration.

The motion for a new trial on account of newly discovered evidence is also overruled for the further reason that the plaintiff did not

show sufficient diligence in obtaining this newly discovered evidence. Travis v. Bacherig, 7 Tenn. App., 638. He should have come prepared to meet all the issues raised by the pleadings.

The judgment of the lower court must be reversed and the cause remanded to the Circuit Court of Davidson County for a new trial. The cost of the appeal is adjudged against the defendants, but the cost of the lower court will await the final determination of the case.

DeWitt, J., and Higgins, Sp. J., concur.