LUTHER E. BRYSON et ux., Petitioners,

*v.*

J. D. BRAMLETT et al., Respondents.

(*Knoxville,* September Term, 1958.)

Opinion filed December 12, 1958.

Petition of rehearing denied January 23, 1959.

Wood & Wood, Walter T. Wood and Carl J. Wood, Chattanooga, for petitioners.

Louis J. Epstein, Chattanooga, for respondents.

Mr. Justice Swepston delivered the opinion of the Court.

This case comes to this Court on a writ of *certiorari* to the Court of Appeals at Knoxville. The only question involved is whether or not the Chancery Court in Tennessee has authority to allow punitive damages.

The bill was filed in the Chancery Court of Hamilton County by Bryson against Bramlett and others engaged in the operation of a "loan shark" business. The purpose of the bill was to recover usury paid by the complainant and damages, both actual and punitive, by reason of complainant having been harassed by a multiplicity of garnishments which caused him to lose much time from work and to incur considerable counsel fees in endeavoring to get the garnishments released.

The Chancellor found that usury had been exacted, that complainant had been hounded, humiliated, embarrassed and inconvenienced by a series of 11 garnishments, the costs of all of which were charged against the complainant in violation of the law allowing the costs of only one garnishment to be collected from the debtor; that these garnishments were in fact issued on a void judgment; he allowed a judgment for $141.17, to which he added $100 for attorney's fees and $500 punitive damages, making a total of $741.17.

On appeal to the Court of Appeals, that Court reversed the Chancellor as to the attorney's fees and the punitive damages, leaving in effect a judgment for only $141.17. That Court agreed with the Chancellor as to the reprehensible conduct of the defendants but was of opinion that "if courts of equity were to assume jurisdiction to impose penalties by way of punitive damages upon litigants guilty of unconscionable and oppressive conduct, it would destroy the ancient concept of courts of equity

being courts of conscience and opposed to the infliction of penalties.''

That Court cited 48 A.L.R.2d 948, containing a full annotation showing that the weight of authority is against the allowance of punitive damages by a court of equity.

We think, however, that the rule is otherwise in Tennessee. That Court cited *Fiedler v. Potter,* 180 Tenn. 176, 172 S.W.2d 1007, which happens to be a case which was tried by the writer of this opinion while Chancellor. In that case attorney's fees were allowed by the Chancellor as provided by the Federal Fair Labor Standards Act, 29 U.S.C.A. sec. 201 *et seq.* as penalties provided for by the terms of said Act, but on appeal the Supreme Court struck the allowance of the penalties, because the complainants did not come into court with clean hands. In our judgment that case has no application to the instant case.

In the case of *Lichter v. Fulcher,* 22 Tenn.App. 670, 125 S.W.2d 501, 508, punitive damages were allowed in the Chancery Court in addition to compensatory damages arising out of a conspiracy. The Court said:

''Where the case is tried before the Chancellor it is obvious that it is peculiarly within the discretion of the Chancellor as to how much, if any, punitive damages should be allowed. It is a matter of discretion which will not be interfered with by this court. We know of no fixed rule which could guide this or any other court in fixing the amount of exemplary damages to be awarded. And we know of no reason why we should substitute our judgment for the judgment of the chancellor in this respect. The fact that we have the latter

say in the matter offers no reason for altering the decree entered, and we are not inclined to do so.''

In a number of cases the Chancery Court has awarded punitive damages for the malicious prosecution of an injunction suit without probable cause. *Nashville Union Stockyards, Inc. v. Grissim,* 13 Tenn.App. 115, 123.

In that case the established rule is reiterated that when the Chancery Court takes jurisdiction for one purpose it takes jurisdiciton for all purposes which includes civil causes of action for injuries to person, property or character involving unliquidated damages.

It is well settled that one may maintain an action for the wrongful levy of an execution under a void judgment or for wrongful garnishment. *Long v. Alford,* 14 Tenn.App. 1, 5.

A good statement of the rule for allowance of punitive damages appears in *Louisville, N. & G. S. R. Co. v. Guinan,* 79 Tenn. 98, 103. It is said:

"In cases growing out of the non-performance of contracts or of duties imposed by law, or arising from the violation of rights, in which there is no element of fraud, oppression, willful negligence or malice, the wrongdoer acting under a mistaken idea of his own rights and in good faith, the compensation to which the injured party is entitled to damages consists only of the direct pecuniary loss. Where fraud, malice, gross negligence or oppression intervenes, the law blends the interest of society and of the aggrieved individual, and gives damages such as will operate as an example or warning to the party or others to deter them from similar transactions * * *.''

Finally, we call attention to the fact that the two cases cited in *Fiedler v. Potter, supra,* i. e., *Sartain v. Dixie Coal & Iron Co.* (150 Tenn. 633, 266 S.W. 313) and *East Tennessee Brewing Co. v. Currier* (126 Tenn. 535, 150 S.W. 541), are both cases like the Fiedler case where the complainants came into court with unclean hands. This is not the fact in the instant case.

We, therefore, are of opinion that the opinion of the Court of Appeals should be modified so as to enter judgment in behalf of Luther E. Bryson for the sum of $141.17, plus $500 punitive damages as fixed within the discretion of the Chancellor, making a total of $641.17.

### On Petition to Rehear

The petition to rehear filed in behalf of the respondents fails to present any new matter of fact or law which was not dealt with heretofore and is, therefore, not in compliance with the rules and is accordingly overruled.