**Lawrence C. HAWLEY, Appellant,**

v.

**Wayne LAVELLE and wife, Gloria Lavelle and Union Savings Bank, James Braden, Lowe's of Bartlett, Inc., Raymond M. Briggs, Keith Booth and Tommy Booth, Appellees.**

Court of Appeals of Tennessee, Western Section.

March 27, 1980.

Application for Permission to Appeal Denied by Supreme Court June 2, 1980.

500

Harold R. Gunn, Humboldt, for appellant.

Michael Acree, Covington, for appellees, Wayne and Gloria Lavelle.

J. Houston Gordon, Covington, for appellees, Union Savings Bank and James Braden.

J. Thomas Caldwell, Ripley, for appellees Keith and Tommy Booth.

NEARN, Judge.

Wayne Lavelle et ux. filed suit against Lawrence C. Hawley et al. in Cause No. 1871 in the Chancery Court of Tipton County and sought to enforce a judgment (obtained in another cause) against Hawley et al. by the sale of equitable interests in real property owned by Hawley et al. The other lienors counterclaimed as to their interests therein. Hawley made no answer to the complaint and counterclaims and default judgments were taken against him. The real property was brought before the Court by attachment and thereafter sold with the proceeds therefrom divided among various creditors. The proceeds from the Court sale apportioned to the Lavelles and another creditor did not completely satisfy the previous judgments which the sale sought to satisfy. Execution was issued for the deficiencies and was served upon Lawrence C. Hawley in Obion County.

Hawley then filed the present suit in the Chancery Court of Tipton County. The complaint alleged that he was not served with process in Cause No. 1871 and had no knowledge of those proceedings until he was made aware of the deficiency by service of the execution in Obion County. Hawley named as defendants in the present suit the Lavelles and the sundry creditors among whom the proceeds of the sale in Cause No. 1871 were divided. Hawley did not name as defendants the purchasers of the real property in the court-ordered sale nor did he seek to have the sale of the real property set aside, nor did he name Tipton County or the sheriff thereof as defendants. In the complaint Hawley "sues the defendants for One Hundred Fifty Thousand ($150,000.00) Dollars actual damages and Three Hundred Thousand ($300,000.00) Dollars punitive damages. . . ." Hawley also prayed for a stay of execution on the deficiency judgment "until the final determination of this action, and that said default judgment and deficiency judgment in action no. 1871, as to this petitioner, may be set aside and this petitioner permitted to make his defenses therein. . . ."

Hawley has never contested the efficacy of the money judgment obtained against him in the first suit. He contests the judgments obtained in the second suit to enforce the first judgment.

From the record before us, including statements of counsel contained therein, it seems that what Hawley seeks are monetary damages from the defendants for the allegedly "wrongful" sale of his property when no process was had upon him and the opportunity to contest the propriety of the division among his creditors of the sale proceeds.

Various defendants in this case filed motions to dismiss and one filed a motion for summary judgment. It would seem that the matter came on to be heard on a motion to dismiss for failure to state a claim at which time proof outside the pleadings was introduced which converted the hearing into one as on summary judgment. T.R. C.P. Rule 12.02. After this hearing the Chancellor ruled that Hawley was, in fact, served with process in Cause No. 1871 and that the complaint was not brought within the time requirements of Rule 60 T.R.C.P.[1]

---

1. In pertinent part Rule 60.02 states:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepre-

there being no allegation of fraud on the part of any of the defendants. Accordingly, the Chancellor dismissed the complaint and Hawley has appealed to this Court.

On appeal counsel for Hawley insists that this action is an independent action to relieve a party from judgment and is not governed by Rule 60. Also, counsel insists that he has proven that Hawley was not served and the default judgments ought to be set aside and Hawley ought to be allowed to contest the division of the sale proceeds and prove his alleged damages of $150,000.00 compensatory and $300,000.00 punitive.

We agree with counsel in regard to the inapplicability of Rule 60. The rule itself provides: "This rule does not limit the power of a Court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to set aside a judgment for fraud upon the Court." Also see *Jerkins v. McKinney* (1976 Tenn.) 533 S.W.2d 275.

■ It is our view that a judgment, obtained upon a false return made by the sheriff whether the return was made in good faith or not, operates as a fraud upon the Court when the Court enters a judgment based on the return with no knowledge of such lawsuit on the part of the party against whom the judgment is rendered. No judgment would knowingly enter such a judgment as it deprives a party of the fundamental constitutional right of due process. Tennessee Constitution Article 1, § 8; United States Constitution, Amendment V.

■ Therefore, this case was not subject to dismissal for failure to comply with Rule 60 as found by the Chancellor. See *Ridgeway v. Bank of Tennessee* (1851) 30 Tenn. 522.

■ However, such a holding on our part does not mean that part of the complaint was not subject to dismissal for failure to state a claim upon which relief could be granted. We hold there can be no claim

for damages, compensatory or punitive, against parties who have acted upon the orders of a court unless the parties conspired to perpetrate a fraud upon the Court to obtain that order. Counsel for appellant admits that there was no conspiracy or fraud by the defendants to obtain a false return on the summons issued for Hawley. We hold that parties have the right to act in reliance upon orders of a Court without being subject to a later claim for damages in the event the Court or its officers were in error as long as the parties did not direct or ratify the wrongful acts. See *Long v. Alford* (1931 M.S.) 14 Tenn.App. 1; see also, *Ridgeway,* supra (party may rely on sheriff's return). Therefore, we dismiss as to these defendants the portion of the complaint which seeks damages for the "wrongful" sale of the plaintiff's property.

■ Based upon the complaint, Hawley would have a right to contest the disposition of the proceeds of the sale made by the Court if in fact he was not served with process, had no knowledge of the proceedings and was entitled to have the default judgment against him set aside. Therefore Hawley's claim as limited is bottomed on the fact issue of whether or not he was served with process. See *Brake v. Kelly* (1950) 189 Tenn. 621, 226 S.W.2d 1008.

■ It would appear from the record that the proponents of the motion to dismiss appeared before the Court in order to argue the legalities of the situation while counsel for Hawley appeared ready to argue not only the legal niceties of the matter but also to present proof as to the lack of service of process. Ordinarily on a motion for summary judgment, if a material factual dispute is made to appear, the matter must be tried and the disputed issue determined at a full evidentiary trial. That is not what happened in this case. Upon hearing the motion to dismiss, after it became apparent to the Chancellor that there was a material fact issue present as to service or the lack thereof, he stated, "I want to hear some evidence on this service."

sentation, or other misconduct of an adverse party; . . . . . The motion shall be made within a reasonable time, and for reasons (1)

and (2) not more than one year after the judgment, order or proceeding was entered or taken."

Counsel for Hawley then called his witnesses, who were present and ready to testify, and adduced proof in an effort to overturn the sheriff's return which showed that Hawley had been served. After hearing this proof the Chancellor entered the order finding as a fact that Hawley had been served.

Since there was no jury demanded in this matter and the Chancellor would be the ultimate arbiter of contested facts in any event, we suppose this procedure is permissible in limited situations, provided, that all parties have an opportunity to fully develop their proof. This is not such a situation.

▮ In this case we have read all of the evidence produced by counsel for Hawley on the issue of service. Looking only to this proof we are not at all convinced that Hawley was served as found by the Chancellor. However, on fact issues in nonjury cases it is our function to weigh the evidence and find where the preponderance lies. This is rather difficult for us to do in view of the fact that it appears to us the defendants were not prepared to present proof on such a determinative fact issue at the hearing on a motion to dismiss. Of course, the defendants make no complaint on appeal because the Chancellor found in their favor. However, we complain. If we are to review and determine a matter such as this *de novo* as required by T.C.A. § 27–303, we prefer to make that decision based upon a transcript containing all of the facts as to the disputed issue which have been adduced at a full and proper evidentiary hearing at which all parties were prepared to try the merits of the case and present all the proof thereon.

We note that at the conclusion of the hearing on the motion to dismiss and/or for summary judgment, the Court ended the proceedings with this statement:

"I am going to sustain these motions for summary judgment. I find absolutely no fraud whatsoever. At no time have I seen where any of the defendants in this case 2645 have perpetrated any fraud whatsoever on this Court. They are entitled to rely on the sheriff's summons. In fact, the deputy sheriff has testified in court that he personally served these papers. If there had been any fraud involved, it would have been on the deputy sheriff or the sheriff's department and not by any of the defendants in this cause. That is the reason I am going to sustain all these motions for summary judgment."

Not until the order was entered did the Court mention that it had decided the basic factual dispute by finding Hawley had, in fact, been served.

Accordingly, we reverse the action of the Trial Judge in determining the basic factual dispute on a motion for summary judgment and remand for a full hearing on that issue. See also *Keene v. Wilkerson* (1959 E.S.) 45 Tenn.App. 455, 325 S.W.2d 286.

The Chancellor is in part affirmed, in part reversed, and the cause remanded for proceedings consistent with this Opinion.

Costs of appeal are adjudged against appellees.

Done at Jackson in the two hundred and fourth year of our Independence and in the one hundred and eighty-fifth year of our Statehood.

MATHERNE and SUMMERS, JJ., concur.