**Chalmers Thomas CRUTHIRDS,**
**Plaintiff-Appellee,**

v.

**Vered Lazarovici CRUTHIRDS,**
**Defendant-Appellant.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

June 26, 1987.

Permission to Appeal Denied by
Supreme Court Sept. 28, 1987.

Vered Lazarovici Cruthirds, pro se.

William M. Gibson, Christian A. Horsnell, Jane Ann Whitson, Gilbert & Milom, Nashville, for plaintiff-appellee.

OPINION

CANTRELL, Judge.

This is an action for relief from a final judgment of divorce granted in 1978. We affirm the trial judge's dismissal of the action because it was not brought in a timely fashion.

On September 27, 1976, the Circuit Court of Davidson County heard a complaint for divorce filed by the appellee Chalmers Thomas Cruthirds. On December 27, 1976, the court entered an order denying the divorce. On January 25, 1977, Mr. Cruthirds filed a motion to alter or amend the previous order and grant him a divorce from bed and board or in the alternative grant him a new trial. On March 15, 1977, the court acted on the motion and awarded Mr. Cruthirds a divorce from bed and board.

The wife, Vered Lazarovici Cruthirds, perfected an appeal to this Court and on February 24, 1978, this Court affirmed the judgment of the circuit court.

On April 21, 1978, Mr. Cruthirds filed a petition in the circuit court seeking an absolute divorce on the ground that since the award of the divorce from bed and board the parties had not reconciled. On May 19, 1978, Mrs. Cruthirds filed an answer and counter-claim seeking an absolute divorce, an award of the house to her, and an equitable division of the remaining property.

The cause was finally set for trial on October 15, 1979. After a hearing the circuit court entered an order granting Mr. Cruthirds an absolute divorce and providing that the house owned jointly by the parties would thereafter be held as tenants in common with Mrs. Cruthirds having the right to live in the house for a period of four years. No appeal was taken from that order.

The next entry in the record is a pro se pleading filed by Mrs. Cruthirds on September 6, 1985 entitled "Complaint For Review of Final Decree." In the complaint Mrs. Cruthirds prayed for a "revision" of her case alleging that the attorney who represented her in the original divorce proceeding had violated his duty to her, depriving her of the opportunity to fairly contest the award of the divorce from bed and board, and that the transcript of the evidence filed in the appeal of the divorce from bed and board was a "false document."

On December 23, 1985, Mrs. Cruthirds filed a pleading styled "Cross-Answer and Motion to Alter and Amend Divorce Decree." Included in the pleading was a motion for relief from the final judgment pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure. Included in the documents filed with the pleadings were some exhibits showing an exchange of correspondence between Mrs. Cruthirds and her lawyer in which she makes many of the same complaints which form the basis for her action in this case. Her letter is dated March 28, 1978. That date is just after this Court affirmed the award of a divorce from bed and board to Mr. Cruthirds and nineteen months before the final hearing on the cross-petitions for an absolute divorce.

The trial judge held that the various pleadings did not state grounds on which the court could award any relief. Consequently, he dismissed the application for relief from the prior judgments.

■ Relief from a judgment may be obtained under Rule 60, Tenn.R.Civ.P. The pertinent parts of the rule are:

60.02. Mistakes—Inadvertence—Excusable Neglect—Fraud, etc.

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the

judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this Rule 60.02 does not affect the finality of a judgment or suspend its operation, but the court may enter an order suspending the operation of the judgment upon such terms as to bond and notice as to it shall seem proper pending the hearing of such motion. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to set aside a judgment for fraud upon the court. Writs of error coram nobis, bills of review and bills in the nature of a bill of review are abolished, and the procedure for obtaining relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

The rule recognizes that relief from a final judgment may come by way of a motion in the case or by way of an independent action. *See Jerkins v. McKinney,* 533 S.W.2d 275 (Tenn.1976). With respect to relief from a judgment obtained by a motion filed in the same case, we note that for grounds (1) and (2) the motion must be filed within one year of the judgment. We think this case falls within that provision of the rule. Mrs. Cruthirds complains that she was not notified of the hearing in early 1977 which resulted in the order for divorce from bed and board, and that the transcript of the evidence from the hearing of September 1976 had been altered or tampered with—all of which, it seems to us, amounts to some sort of fraud upon her or upon the court. On its face the pleading attacking the prior decree of divorce shows that it was not filed until September of 1985. Thus, the trial judge was correct in dismissing the action seeking to set aside the prior orders under Rule 60.02(1) or (2).

If, however, we are wrong and the facts set out in the pleadings attacking the prior judgment fall under Sections (3), (4), or (5) of Rule 60.02, the motion should have been filed within a "reasonable" time. We think the motion on its face shows that it was not filed within a reasonable time. Where the motion and the documents exhibited to it demonstrate that all of the facts on which she bases her action were known to Mrs. Cruthirds in 1978 and she did not attack the former judgments until 1985, there being no explanation for the delay, the trial judge was justified in dismissing the motion. *See Magnavox Company of Tennessee v. Boles & Hite Construction Company,* 583 S.W.2d 611 (Tenn.App.1979) (a delay of three years is too long); *Friedman v. Wilson Freight Forwarding Company,* 320 F.2d 244 (3rd Cir.1963) (thirteen months delay is unreasonable).

Finally, if the pleading filed in this case is construed as an independent action attacking the judgment, Rule 60.02 does not specify a time within which the action should be brought. *Brown v. Raines,* 611 S.W.2d 594 (Tenn.App.1980); *Hawley v. Lavelle,* 602 S.W.2d 499 (Tenn.App.1980). Quoting from *Hazel–Atlas Glass Company v. Hartford-Empire Company,* 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944), we said in *Brown v. Raines* that the action must be brought "seasonably, in light of all the circumstances involved." For the same reasons we have cited above we think that Mrs. Cruthirds action was not seasonably brought. The judgment of the trial court dismissing the action seeking relief from the prior divorce decree is affirmed.

The appellee asserts that this is a frivolous appeal and that he should be awarded costs and attorney's fees under T.C.A. § 27–1–122. Under the circumstances of this case we hold that this is not a frivolous appeal.

The judgment of the court below is affirmed and the cause is remanded to the Circuit Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellant.

LEWIS and KOCH, JJ., concur.