In the Matter of a Subpoena to appear

Issued for: Ralph H. Kelley.

352 S. W. 2d 709.

(*Knoxville,* September Term, 1961.)

Opinion filed December 8, 1961.

JOSEPH F. DIRISIO, RALPH H. KELLEY, Chattanooga, for petitioner.

EUGENE N. COLLINS, Assistant City Attorney, Chattanooga, for the City of Chattanooga.

MR. JUSTICE FELTS delivered the opinion of the Court.

This is a petition by Mr. Ralph H. Kelley, a member of the Chattanooga Bar, for the writ of certiorari and, in aid thereof, the writ of supersedeas to review, reverse, and supersede an order of the Honorable David Tom Walker, Judge of the Fourth Division of the Circuit Court of Hamilton County, upon the allegation that such order was entered ex parte, without any cause pending before the Court, and without any jurisdiction in the Court over the matter.

The petition was presented to a member of this Court, and was ordered filed and placed on the docket for hearing. A brief has been filed in support of the petition, and a brief in opposition to it, and the matter has been heard by the full Court, and we now have it for disposition.

From the petition, and the accompanying transcript, it appears that petitioner publicly criticized a real estate agent Pat St. Charles, the Chattanooga Housing Authority, and some of the City officials, in connection with the acquisition of real estate for public purposes.

On June 27, 1961, in a condemnation suit by the City for land for a state highway, Mr. Kelley, cross-examining St. Charles, asked him whether he had made "political contributions to people you entered into the contract with, specifically the Board of Commissioners and the Mayor of the City of Chattanooga." The record does not show whether the witness made any answers to such questions.

On September 26, 1961, Mr. Kelley wrote a letter to the editor of a newspaper in Chattanooga, the CHATTANOOGA TIMES, which letter was published by the paper and was as follows:

"Pat St. Charles has been paid over $400,000 by the city of Chattanooga and the city still owes him over $100,000.

"Mr. St. Charles admires city politicians. They value him. In fact, they admire and value each other.

"Also the Chattanooga Housing Authority admires Mr. St. Charles. He told the Jaycees they gave him a job he didn't seek, i. e., exclusive sales agent for Golden Gateway property, for which Mr. St. Charles will likely make more than $100,000 (possibly several hundred thousand dollars). Mr. St. Charles admires the Chattanooga Housing Authority. They value him. In fact, they admire and value each other.

"In a passage from Sophocles' Antigone we read:

" 'Nothing so evil as money ever grew to be current among men. This lays cities low, this drives men from their homes, this trains and warps honest souls till they set themselves to practice villainies, and to know every godless deed.' "

On the next day, September 27, 1961, Judge Walker, upon oral application of the City Attorney of the City of Chattanooga, issued the order complained of. This order (see copy, appendix p. 712, infra) directed the Clerk of the Circuit Court "to issue a subpoena to be served by the Sheriff of Hamilton County" "upon Ralph H. Kelley"

"commanding him to personally appear before J. W. Anderson, City Attorney, or one of the Assistant City Attorneys acting for and on his behalf, on Thursday, September 28, 1961, at 324 Hamilton Bank Building, at 2:00 p.m., and then and there testify under oath as to any information, knowledge or facts known or available to him as to any wilful misconduct or neglect of duty on the part of any official of The City of Chattanooga, Tennessee, who holds any office of trust or profit as provided by T.C.A. 8-2701, or as to any other offense or violation of said Code Sections."

The subpoena was issued by the Clerk of the Circuit Court as directed by this order, and was served upon petitioner on September 27, 1961. On the next day, September 28, he filed in Judge Walker's Court a motion to quash the subpoena upon the ground, among others, that there was no authority of law for the issuance of said subpoena, and "said subpoena purports to emanate from the Circuit Court of Hamilton County, Tennessee, which has no jurisdiction of the subject matter herein."

On the same day, this motion to quash was heard before Judge Walker, and it appears a transcript was made of such hearing, which is attached to the petition and sent up. Mr. Eugene Collins and Mr. Ellis K. Meacham, Assistant Attorneys for the City of Chattanooga, appeared and resisted the motion. The Court overruled the motion and on the next day entered another order to the same effect.

■ Mr. Kelley excepted to these orders and prayed an appeal therefrom, which was denied; and he thereupon presented this petition for the common law writ of certiorari, and, in aid thereof, the writ of supersedeas, asking this Court to vacate, supersede, and set aside said orders because the Circuit Court had no jurisdiction of the subject matter or of the person and no authority to enter said orders and that the same are *coram non judice* and utterly void.

■ We think this contention must be sustained. There was no suit or matter pending before the Court, no process had been issued, no pleadings filed, and there was nothing pending before the Court to invoke its jurisdiction. It is, of course, well settled that a court has no jurisdiction of any matter not brought before it by proper process and pleadings; and that any order or decree attempted to be entered by a court in any matter which has not been so brought before it, is *"coram non judice,* and absolutely void." 1 Gibson's Suits in Chancery (5th ed.), sec. 597, pp. 649, 650.

■ It is also well settled that the proper remedy for review and correction of such an order entered by a lower court, acting illegally or in excess of its jurisdiction, is the common law writ of certiorari and the writ

of supersedeas in aid thereof. *Gilbreath v. Willett,* 148 Tenn. 92, 99, 251 S.W. 910, 28 A.L.R. 1147; *City of Nashville v. Dad's Auto Accessories,* 154 Tenn. 194, 285 S.W. 52; *Ivey v. State,* 207 Tenn. 438, 340 S.W.2d 907; *McGee v. State,* 207 Tenn. 431, 340 S.W.2d 904, 906, and cases there cited.

To support the action of the Circuit Judge, learned counsel for the City of Chattanooga invoke our statute (T.C.A. secs. 8-2701—8-2726), known as the Ouster Act, or the statute for removal of public officials, who are guilty of willful misconduct in office, etc.

This statute allows an ouster suit to be brought against a public official by citizens as relators and by the Attorney General, or district attorney, county attorney, or city attorney. It is a very drastic Act and may easily be made an engine of oppression. Referring to this statute, this Court said:

"Proceedings under the Ouster Act should never be brought unless there is a clear case of official dereliction. This is a very drastic statute and should not be invoked except in plain cases that can be certainly proved. There is no excuse for instituting an ouster suit for purposes of inquisition and as a fishing expedition, and it is only cases brought under such auspices that the relators will be at much difficulty in developing." *State ex rel. Wilson v. Bush,* 141 Tenn. 229, 236-237, 208 S.W. 607, 609.

This Act makes it the duty of the Attorney General of the State, a district attorney, county attorney, or city attorney, within their respective jurisdictions, *"on notice being received by them in writing* that any officer herein

mentioned has been guilty of any acts, omissions, or offenses set out in sec. 8-2701, forthwith to investigate such complaint''; and if, upon such investigation, he shall find there is ''reasonable cause for such complaint,'' he shall institute ouster proceedings in the Circuit, Chancery or Criminal Court. T.C.A. sec. 8-2703.

Counsel for the City cite Section 8-2703 as to their duty to investigate such complaint as to official misconduct, and they specially rely on Section 8-2704, which empowers them to issue subpoenas for witnesses, as supporting the Circuit Court's orders here complained of. Section 8-2704 is in these words:

''8-2704. *Subpoena to appear before state attorney.* —The attorney-general, the district attorneys, county attorneys, and city attorneys shall have the power and they are hereby directed, whenever complaint has been made, and the names of the witnesss furnished them, or whenever they deem necessary, to issue subpoenas for such witnesses so furnished them and for such persons as they shall have reason to believe have any knowledge of the complaint made, to appear before said attorney-general, district attorney, county attorney, or city attorney, at a time and place to be designated in the subpoena then and there to testify concerning the subject-matter set out in the complaint.''

█ It is seen that there is nothing in this section which evenly remotely refers to the Circuit Court or attempts to confer any authority upon that Court or any other court to issue subpoenas for witnesses. Such a statute, in derogation of the common law, and so drastic as to lend itself to oppression, should be strictly con-

strued and should not be extended by construction beyond its plain language.

We find nothing in the Ouster Act that lends any support to the action of the Circuit Judge in entering the orders here complained of; and we think such orders were *coram non judice* and void.

For these reasons, the writs of certiorari and supersedeas are granted and the orders are reversed and superseded. The costs are adjudged against the City of Chattanooga.

## APPENDIX

## "ORDER

## "TO THE CLERK OF THE CIRCUIT COURT OF HAMILTON COUNTY, TENNESSEE:

"Upon application of Eugene N. Collins, duly appointed and acting Assistant City Attorney for the City of Chattanooga, Tennessee, a municipal corporation, who is an assistant to and acting for and on behalf of J. W. Anderson, duly appointed and acting City Attorney of said municipality, that the issuance of a subpoena be authorized for RALPH H. KELLEY, as provided by T.C.A., Sec. 8-2704; and for good cause shown, the Court is of the opinion that such a subpoena should be issued and proceedings held as provided by T.C.A., Sec. 8-2705, or any other relevant statutes;

"It is, therefore, *ORDERED* by the Court that the Clerk of the Circuit Court be and is hereby authorized

and directed to issue a subpoena to be served by the Sheriff of Hamilton County, Tennessee, or one of his Deputies, upon RALPH H. KELLEY, commanding him to personally appear before J. W. Anderson, City Attorney, or one of the Assistant City Attorneys acting for and on his behalf, on Thursday, September 28, 1961, at 324 Hamilton Bank Building, at 2:00 p. m., and then and there testify under oath as to any information, knowledge or facts known or available to him as to any wilful misconduct or neglect of duty on the part of any official of The City of Chattanooga, Tennessee, who holds any office of trust or profit as provided by T.C.A. sec. 8-2701, or as to any other offense or violation of said Code Sections.

"It is further *ORDERED* that judgment upon all other matters relating thereto is expressly reserved, including the adjudication of costs.

"DATED this the 27th day of September, 1961.
"/s/ David Tom Walker

"CIRCUIT JUDGE, IV DIVISION, FOR HAMILTON COUNTY, TENNESSEE.

"Exhibit 'A'"