EDWARD L. McDONALD

*v.*

MONROE M. BROOKS et al.

387 S.W.2d 803.

(*Nashville,* December Term, 1964.)

Opinion filed March 4, 1965.

536

CONDRA & NEIL, Nashville, for appellants.

BEN WEST, H. D. BELL, Nashville, for appellee.

PER CURIAM.

In this lawsuit only injunctive relief is sought. The Chancellor granted the injunction and an appeal has been

seasonably perfected, briefs filed, and arguments heard. Our conclusion, after hearing arguments and studying the record, is that the Chancellor has fully answered all the questions presented and correctly decided the case. To re-write the memorandum opinion, which we find in the record of the Chancellor on the same assignments would serve no useful purpose, and we, therefore, adopt the opinion of the Chancellor as the opinion of this Court.

We will merely supplement that opinion by saying this. After carefully reading this record we are convinced that the charges made against this Mayor are political, and, when such is true, clearly the Charter provision which is sought to be enforced to oust a Mayor should be enjoined by the courts. The facts of the instant case are entirely different from *Broyles v. State,* 207 Tenn. 571, 341 S.W.2d 724. Mr. Gibson in his work, Vol. 2, 5th Ed., sec. 879, page 86, says:

"If, however, a clear case of irreparable injury is shown as likely to result to complainant, unless the injunction is granted, and it does not appear that the issuing of the writ will work any such injury to defendant, the relief will be granted."

The Chancellor's opinion is, as follows:

"The amended and supplemental bill in this cause alleges in substance that the complainant, Edward L. McDonald, as Mayor of Gallatin, has been cited by the defendants who comprise the City Council of the City of Gallatin, Tennessee, to answer a petition filed on behalf of a number of citizens of said city for the purpose of having the mayor ousted from office.

"The charges brought against the mayor before the City Council by the group of citizens are as follows:

" 'Respondent as Mayor failed to report to the city council violations or neglect of duty on the part of Charles Roberts, Chief of the City of Gallatin Police Department, at the next meeting after such violation or neglect of duty came to his knowledge. Such acts of violation and neglect of duty consisted of drunkenness, excessive use of alcoholic beverages while on and off duty. Such drunkenness and use of alcoholic beverages and failure to report to duty resulted in the confinement of the said Charles Roberts in Madison Sanatorium for alcoholism. Police officers and other parties made a report of these matters and things to the said Edward L. McDonald and advised him of the facts concerning the violation and neglect of duty of Charles Roberts.

" 'The said respondent, Edward L. McDonald not only failed to report said acts to the next meeting of the city council, but at a meeting of the council he falsely denied knowledge of same.'

"The amended and supplemental bill then alleges:

" 'Said acts, as alleged, even if true, do not constitute either a "Crime of misdemeanor in office" or "grave misconduct showing unfitness for public service", for the following reasons:

" '1. It is not charged that complainant had any knowledge, other than hearsay knowledge, of the alleged misconduct and derelictions of the chief of police.

" '2. Complainant is not charged with any concealment of his alleged knowledge. In fact, the petition alleges that the knowledge in question had been previ-

ously possessed by "police officers and other parties" who reported same to complainant.

" '3. Even if complainant were charged with first-hand knowledge and the chief of police had been drunk and had failed to report for duty, a mere failure to report this knowledge to the next meeting of the city council, in the absence of some corrupt purpose, could not conceivably constitute "grave misconduct showing unfitness for public service."

" 'Said alleged charges as above set out are further insufficient, as a matter of law, in that they do not constitute "specific charges" as required by Article III Section 14 of the Charter of the City of Gallatin. Said allegations are not sufficiently specific in that (1) no date is stated on or before which complainant is supposed to have obtained knowledge of the alleged misconduct of the chief of police and (2) there is no specification as to the date of the City Council meeting to which, under the theory of the charges, complainant should have reported his alleged knowledge of the Police Chief's alleged misconduct.'

"The amended and supplemental bill also alleges that the city council is exceeding its legal authority and jurisdiction and that unless enjoined from holding said hearing complainant will be irreparably damaged and that he has no adequate remedy at law.

"A temporary injunction issued and the defendants moved to dissolve the injunction on the following grounds:

"I.

" 'The Respondent has a clear and adequate remedy at law.'

## "-II-

" 'This Court has no jurisdiction to enjoin or prevent elected public officers from discharging duties lawfully committed to them by statute, municipal ordinances, or charters.'

## "-III-

" 'This honorable court is without jurisdiction to prevent or restrain public officials from carrying out their lawful duties, as this court must presume that public officials will perform duties lawfully charged to them in a proper and legal manner.'

## "-IV-

" 'The issuance of the temporary injunction was premature.'

"The motion in fact is that the complainant has an adequate remedy at law and this court does not have jurisdiction.

"We will first consider the question of whether or not under the facts as alleged this Court has jurisdiction.

"Gibson's Suits in Chancery (Fourth Edition), page 661, Section 818 provides: 'Courts of Chancery will, by injunction, prevent corporations from doing illegal acts.

" '1. Public corporations may be enjoined from doing any act in violation of their charters, or *doing any act not authorized by their charters.*' (Italics added.)

"Section 815 of the same work reads:

" 'Whenever commissioners or public officers, appointed by the Legislature, the Governor, the County Court, or a public corporation, or other authority,

undertake to do some act not authorized by the Constitution or laws of the state, *or by the particular order or authority under which they act, they will be enjoined by the Chancery Court on the application of any person liable to be irreparably injured by their illegal or unauthorized Act.'* (Italics added.)

■ "The inherent jurisdiction of the Chancery Court to enjoin any act that may reasonably cause irreparable injury cannot be questioned.

■ "If as a matter of fact the City Council is about to try its mayor upon charges which do not constitute grounds for ouster, does the Chancery Court have jurisdiction to enjoin the hearing? This is the question of jurisdiction and requires a construction of the charter of the City of Gallatin.

"The defendants have already found that the charges contained in the petition, if true, are sufficient and specific enough to oust the mayor from office. This Court has already held that it could not determine whether or not the charges are true, but whether or not the action of the defendants in holding that the charges constitute an offense under the charter for which the mayor may be ousted is a question of law.

■ "The Court deems it unnecessary to cite authorities other than the citation from Gibson's Suits in Chancery, supra, that this Court has jurisdiction to construe the charter of a municipal corporation or to declare an action of the governing body of a municipality to be beyond its scope and authority. The authorities on this question are many and uniform.

■ "The petition filed by the citizens before the city council is an ouster suit against the mayor, the same as

if it had been filed under the General Ouster Statutes of Tennessee, as contained in Sections 8-2701, et seq, T.C.A., and the sufficiency of the petition must be tested by the same rules as those of a court of law.

"In *State Ex Rel. v. Perkinson,* 159 Tenn. 442 [19 S.W.2d 254], Mr. Justice Cook said:

" 'Proceedings under the Ouster Law should not be brought except in clear cases of official dereliction. The statute was intended to remove public officials for wilful misconduct and for acts involving moral turpitude.'

"See also *State Ex Rel. v. Vandergriff* [*Vandergriff v. State ex rel. Davis*], 185 Tenn. 386 [206 S.W.2d 395], *In re Kelley* 209 Tenn. 280 [352 S.W.2d 709].

█ "The petition in the cause before the city council does not meet the requirements of the charter of the City of Gallatin in alleging official misconduct so as to subject the mayor to Ouster, if true. The cases seem to hold that official misconduct must be of such a nature that the official could be indicted for a common law misdemeanor for misconduct in office.

█ "In addition thereto, the charges are so indefinite as to time, place and nature of the information alleged to have been given the mayor as to make it impossible to defend the suit.

"The charter of the City of Gallatin goes much farther than the general statutes on Ouster proceedings and provides for his ouster pending appeal. Upon a conviction upon insufficient charges the mayor would be suspended during appeal, and in such a case the

damage would be done and could not be corrected upon an appeal.

"The Court is of the opinion that the motion to dissolve should be denied."

The result is that the action of the Chancellor is affirmed.