The **INDUSTRIAL DEVELOPMENT BOARD OF the CITY OF TULLAHOMA, Tennessee, the City of Tullahoma, Tennessee and the Board of Public Utilities of the City of Tullahoma, Tennessee, Plaintiffs/Appellees,**

v.

**C.N. HANCOCK, Defendant/Appellant.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Feb. 15, 1995.

Permission to Appeal Denied by Supreme Court May 30, 1995.

Frank Van Cleave, Tullahoma, for plaintiff/appellee Indus. Development Bd. of the City of Tullahoma, Tennessee.

Stephen M. Worsham, Tullahoma, for plaintiff/appellee City of Tullahoma, Tennessee.

William C. Rieder, Tullahoma, for plaintiff/appellee Bd. of Public Utilities of Tullahoma, Tennessee.

C.N. Hancock, pro se.

## OPINION

CANTRELL, Judge.

The Chancery Court of Coffee County granted summary judgment to the City of Tullahoma, its Industrial Development Board, and its Board of Public Utilities declaring void the appellant's "allodium title" laying claim to the Tullahoma Industrial Park. In addition the court enjoined the appellant from asserting any further claim to the property and assessed fees and costs against the appellant under Rule 11, Tennessee Rules of Civil Procedure. We affirm the judgment of the Chancery Court and remand the cause to that court for the entry of a judgment for damages resulting from a frivolous appeal.

### I.

In 1991 the appellant prepared and signed a document called an "Allodium Title" [1] making a claim to the land formerly known as "Camp Forrest" located in several Middle Tennessee counties. A part of the land is now occupied by the Arnold Engineering Development Center and a part comprises the Tullahoma Industrial Park. Asserting that the land had been unclaimed for more than thirty years Mr. Hancock registered himself and his heirs as the legal and lawful owners of Camp Forrest, and he filed the document with the Register of Deeds in Coffee County.

In 1993 Mr. Hancock contacted a prospective purchaser of land in the Tullahoma Industrial Park and asserted that he owned the property and could make the purchaser a better deal. The plaintiffs then brought this

---

1. "Allodium" means land held absolutely in one's own right and not subject to feudal duties or burdens. *Black's Law Dictionary,* Fourth Edition.

action to remove the cloud on their title and for damages and injunctive relief. The chancellor granted summary judgment to the plaintiffs, declared the allodium deed void, and held that Mr. Hancock had no legal interest in the Tullahoma Industrial Park. The decree also enjoined Mr. Hancock from slandering or libeling the title to the property and awarded each of the plaintiffs a judgment for the expenses incurred because of Mr. Hancock's violation of Rule 11, Tenn. R.Civ.Proc.

## II.

Mr. Hancock raises fifty eight issues on appeal. We will not deal with them individually but we will address all that are necessary to establish the legality of the action taken. The first broad category we will address pertains to the legal existence of the plaintiffs and the existence and jurisdiction of the Coffee County Chancery court.

### The Legal Existence of the Plaintiffs

In his answer, Mr. Hancock attacked the legal existence of the three plaintiffs. Supporting their motion for summary judgment on these issues the plaintiffs filed certified copies of the city charter, the charter of the Industrial Development Board, and the City of Tullahoma ordinance creating the Board of Public Utilities. It is difficult to focus on what Mr. Hancock filed in response to the motion. Scattered throughout the 1185 page technical record are various documents to which he refers as proof of some defect in the legal authority of the plaintiffs. But we cannot find any admissible proof of the facts casting doubt on their legal existence. We, therefore, hold that there are no contested facts on this issue. Summary judgment on this issue was proper. *Byrd v. Hall*, 847 S.W.2d 208 (Tenn.1993).

### The Legal Existence of the Chancery Court

Mr. Hancock also attacks the existence of the Chancery Court of Coffee County itself, alleging that the plaintiffs did not prove its lawful existence. While we are not aware of any rule of law that places a burden on a plaintiff to prove the legal existence of

the court in which suit is brought, we take judicial notice of Art. 6 § 1 of the Tennessee Constitution authorizing the creating of chancery courts and Tenn.Code Ann. § 16–2–506(14)(A) designating Coffee County as the fourteenth judicial district and providing for the election of a judge or chancellor in 1990. Beyond that, absent some proof of a defect in the organization of the court, we presume that its existence meets the requirements of the law in all respects.

### The Subject Matter Jurisdiction of the Chancery Court

The main thrust of Mr. Hancock's argument concerning the court's subject matter jurisdiction centers on the court's award of damages to the plaintiffs. It is Mr. Hancock's contention that the chancery court does not have jurisdiction to award unliquidated damages in a tort action.

He would be correct if that had been the sole remedy sought by the plaintiffs. The statute giving chancery courts concurrent jurisdiction with the circuit courts exempts actions for unliquidated damages to property, not arising out of a breach of contract. Tenn.Code Ann. § 16–11–102.

The complaint, however, also sought to remove a cloud on the plaintiffs' title and to enjoin the defendant from asserting any claim to the property in the industrial park. These remedies are inherently equitable. *See Bouldin v. Taylor*, 152 Tenn. 97, 275 S.W. 340 (1925) and *McDonald v. Brooks*, 215 Tenn. 535, 387 S.W.2d 803 (1965). When a court of chancery takes jurisdiction of a case under its inherent jurisdiction it may decide all issues involved in the matter in order to prevent a multiplicity of actions. *See Bryson v. Bramlett*, 204 Tenn. 347, 321 S.W.2d 555 (1958).

We are satisfied that the Chancery Court of Coffee County had jurisdiction of the subject matter of this action.

### The Sovereign Man Defense

Mr. Hancock disputes the authority of the courts over him because he is a "sovereign man" and can be sued only insofar as he consents to the jurisdiction of the courts. He

does acknowledge that the Supreme Court, as a constitutional court, would have jurisdiction over him, but he argues that all courts created by the legislature are powerless to render a judgment against him without his permission.

■ We do not know of any authority for such a proposition. None of the authorities cited by Mr. Hancock bear out his contention. It is our opinion that there are no "super citizens" under our form of government and that it is beyond the power of the legislature to create such a class. The Fourteenth Amendment to the United States Constitution prohibits the states from denying equal protection of the laws to any person within the state's jurisdiction. Creating a class whose members were not subject to the jurisdiction of the ordinary courts would deny the rest of us equal protection. This same argument was made and rejected in a criminal case, *State v. Keller,* 813 S.W.2d 146 (Tenn.Crim.App.1991), where the court upheld a criminal sentence imposed on a "sovereign man" by a legislative court. We find Mr. Hancock's claim to immunity to be entirely without merit.

### III.

■ With respect to Mr. Hancock's arguments on the merits of the case—the defects in the title to Camp Forrest and the authority, or lack thereof, of the various title holders to convey the property—we find that he lacks the standing to raise them. He has no interest in the property that is affected one way or the other. His "allodium title" is no more than a naked claim to property which he has never had an interest in and has never possessed. Without an interest in the property Mr. Hancock has no standing to raise any question concerning its true ownership. *Rainey v. Rainey,* 795 S.W.2d 139 (Tenn.App.1990).

Since Mr. Hancock has no standing to litigate questions of title to the property, the court was competent to render its judgment, and as there are no disputed facts in the record on the other issues raised, we affirm the chancellor's order.

### IV.

Under Tenn.Code Ann. § 27–1–122 this court may award damages for prosecuting a frivolous appeal. The appellees assert that Mr. Hancock's appeal is frivolous and we agree.

■ A frivolous appeal is one that is "devoid of merit," *Combustion Engineering, Inc. v. Kennedy,* 562 S.W.2d 202 (Tenn.1978), or one in which there is little prospect that it can ever succeed. *Black's Law Dictionary,* 5th Edition. In an attempt to establish his claim to property to which he has no colorable title, Mr. Hancock has appealed the chancellor's decision making the same baseless assertions that he made in the trial court. His appeal is so devoid of merit that it must be adjudged frivolous.

The judgment of the trial court is affirmed and the cause is remanded to the Chancery Court of Coffee County for the entry of a judgment for damages, including reasonable attorneys' fees, resulting from the frivolous appeal. Tax the costs on appeal to the appellant.

TODD, P.J., and LEWIS, J., concur.