IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT NASHVILLE

_____

JULIE ANN BARNETT,                          Davidson Circuit No. 83D-173
                                            C.A. No. 01A01-9704-CV-00187
          Plaintiff,

                                            Hon. Muriel Robinson, Judge
v.

STANLEY EARL BARNETT,

          Defendant.

**FILED**

**December 30, 1997**

**Cecil W. Crowson
Appellate Court Clerk**

W. H. STEPHENSON, II, Nashville, Attorney for plaintiff.

LOUISE R. FONTECCHIO, Nashville, Attorney for defendant.

*AFFIRMED and REMANDED*

Opinion Filed:

_____

**TOMLIN, Sr. J.**

          Julie Ann Barnett ("mother") filed a petition in the Circuit Court of Davidson County

against Stanley Barnett ("father") seeking to have custody of the parties' three minor children

vested in her rather than father.  Father filed a counter complaint alleging that mother was in

contempt of court for violating earlier court orders regarding visitation and alienation of affections

of the children.  Following a hearing, the trial court denied the petition, finding that mother had

failed to prove a material change of circumstances to justify change of custody.  The trial court

also denied father's petition to have mother cited for contempt of court.  On appeal, mother raises

the single issue of the trial court's denial of her petition to change custody.  Father contends that

the trial court was in error in not finding mother in contempt and in addition seeks to have

mother's appeal declared to be frivolous.

          Some two and one-half months prior to the time this case was scheduled for argument

before this court, for reasons that are not in the record, mother filed a motion to dismiss her appeal.

Father opposed the motion on the grounds that he wished his issues to be considered by this court.

The motion to dismiss was denied by the middle section of this court.  During oral argument,

counsel for mother waived oral argument as to her issue and waived appellate review of her issue

as well.  As a result, this court has considered only the issues raised by father.  For the reasons

hereinafter stated, we affirm the judgment of the trial court and find mother's appeal to be

1

frivolous.

We will review only the aspects of this case that relate to issues of father on his cross appeal. At the time mother was granted a divorce in April 1983, she was given custody of the parties' three minor children. Approximately one year after the divorce, mother took the children and secretly moved to another state without advising father where they were going or when they would return. Approximately ten years elapsed before mother returned with the children to Tennessee. Father had not seen his children during this period. He filed a petition seeking change of custody in the Davidson County court that had jurisdiction over the divorce. On September 15, 1994, the trial court granted father's petition for custody and at the same time enjoined mother from attempting to alienate the affections of the children from father. No appeal was taken by mother from this judgment.

Some eight months later in May 1995, mother filed a petition seeking to regain custody of the parties' two minor children, the third child having attained the age of majority. Father's answer contained a counter complaint seeking to have mother cited for contempt, alleging that mother had violated the court's orders against attempting to alienate the affection of the parties' children from their father. Following a hearing, the trial court denied mother's petition to change custody, stating in part: "The Petition to change custody is without merit. There has been absolutely no sufficient change of circumstances to award a change of custody. The Court finds that the children are typical teenagers, and it is very apparent that they are caught in the middle between warring parents." Later in the trial court judgment the court stated: "This Court has decided this custody case twice and based on the proof presented, that decision is not going to change." The trial court also found that mother was not in willful contempt of the court's order and dismissed father's petition.

### I. The Contempt Issue.

The determination of whether a party is guilty of contempt and the decision of the trial court whether to assess a punishment for contempt is squarely within the discretion of the trial court. Sherrod v. Wix, 849 S.W.2d 780, 786 (Tenn. Ct. App. 1992). The decision of the trial court regarding contempt is final unless there is plain abuse of discretion. Herrera v. Herrera, 944 S.W.2d 379, 393 (Tenn. Ct. App. 1996). In presenting this issue to this court, father's counsel contends that the trial court actually found the mother in contempt in essence by finding that

mother had violated its earlier order, but that the court improperly refused to assess any punishment against her. Father has clearly misread what the trial court did. At the conclusion of the hearing the trial court made the following statement from the bench.

> I'm not going to make a finding of contempt because while I've made the statement I think she is continuing to disrupt this Court's order, she's been egged on a little bit by Mr. Barnett's controlling attitude during the time she's supposed to have uninterrupted visitation with the children. So, the contempt petition will be dismissed with no finding of contempt at this time. (emphasis added).

The court addressed the contempt issue in its final judgment as follows:

> The Court further finds that the mother is continuing to disrupt the Court's order. However, this behavior is, in part, due to Mr. Barnett's controlling attitude during her visitation period. Therefore, the Court does not find her to be in willful contempt and the father's contempt petition will be dismissed with no finding of contempt at this time.

We review this record and find that the trial court did not abuse its discretion in dismissing father's petition for contempt.

## II. Frivolous Appeal.

In his brief and in oral argument before this court, father contends that mother's appeal of the trial court's decision regarding custody was frivolous. While father would have in essence prevailed by default on the major issue, that of custody, should he have acquiesced to mother's motion to dismiss her appeal, it seems to this court that the only way he could have presented his issues to this court for consideration was to object to mother's motion to dismiss the appeal, which he did. Father contends that mother's brief on appeal pertaining to this issue failed to address the appropriate legal principles governing modification of custody and their corresponding application to the facts of this case. Father's contention is well made. Mother's brief on more than one occasion cites cases from this state as well as a Tennessee statute asserting that the comparative fitness test should be applied, and that when applied mother should be awarded custody. These authorities have been construed by this court to apply only to the initial determination of custody, not to the modification of custody thereafter. Musselman v. Acuff, 826 S.W.2d 920, 922 (Tenn. Ct. App. 1991).

Our courts have held that "[a] frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that it can ever succeed." Industrial Dev. Bd. of Tullahoma v. Hancock, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995) (citation omitted). A reading by this court of the trial court's combined comments as to the issue of change of custody clearly stated to

3

mother that she had completely failed to make out a case in accordance with the law of this state.

In denying mother's petition to modify custody, the trial court applied the proper standard and reached the correct result. Under these circumstances we are of the opinion that this is a frivolous appeal and that father is entitled to reasonable attorney fees and costs in connection with this appeal. This cause is remanded to the trial court for the determination of these items.

We are constrained to note that during oral argument counsel for father asked for attorney fees only up to the date of the filing of the motion to dismiss the appeal by mother. It appears that father was insisting upon the appeal proceeding as contemplated in order for him to place before this court the issue of mother's alleged contempt. Therefore, so it would not appear to be the desire of this court to punish mother economically, we grant the request of father's counsel and limit the attorney fee award in accordance with counsel's recommendation.

In conclusion, this court cannot help but note the rancor and bitterness reflected by the words and actions of both parties, and although some of it might be justified, it does appear that in the past the parties have attempted to use the children to get back at one another. The main accomplishment of actions of this type is to inflict even more damage upon the parties' innocent children. These children have suffered significantly as a result of the inability of their mother and father to live harmoniously together as husband and wife and separately as divorced parents. If the parties cannot conduct themselves in an honorable, decent manner so as to protect their children from further harm, this court would remind them that the trial court has in its possession a third alternative--that is, to place custody of these children under the jurisdiction of the Department of Human Services. Perhaps it is time for the parties to clean up their respective acts.

The judgment of the trial court is affirmed and this cause is remanded for further proceedings not inconsistent with this opinion and judgment. Costs on this cause on appeal are taxed one-half to mother and one-half to father, for which execution may issue if necessary.

_____
TOMLIN, SR. J.

_____
HIGHERS, J.             (CONCURS)


_____
FARMER, J.             (CONCURS)