IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 17, 2003 Session

## LOUIS A. LAURENT, ET AL. v. SUNTRUST BANK, A GEORGIA BANK

**Appeal from the Circuit Court for Knox County**
**No. 1-752-02     Dale Workman, Judge**

**FILED DECEMBER 11, 2003**

**No. E2003-01408-COA-R3-CV**

Louis A. Laurent and Barbara Laurent ("Plaintiffs") sued SunTrust Bank ("Defendant") for alleged defamatory statements made by Defendant's attorney in a separate lawsuit. Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted. The Trial Court granted the motion to dismiss. Plaintiffs appeal. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, J., and CHARLES D. SUSANO, JR., J., joined.

David B. Hamilton, Knoxville, Tennessee, for the Appellants, Louis A. Laurent and Barbara Laurent.

Darryl G. Lowe, Knoxville, Tennessee, for the Appellee, SunTrust Bank.

**OPINION**

**Background**

Plaintiffs sued Defendant claiming Defendant's attorney made defamatory statements regarding Plaintiff Louis A. Laurent to another attorney representing a third party in a separate lawsuit involving these parties. The alleged defamatory statements were that Louis A. Laurent had written a suicide note and pulled a disappearing act. Plaintiffs did not sue the attorney who allegedly

made the statements. The complaint contains claims for defamation, false light invasion of privacy, and loss of consortium and alleges, *inter alia*, that the attorney "is an agent and is representing [Defendant]", that "[Defendant] is liable for the acts of its agents, taken by the agents in furtherance of [Defendant's] interest or business", and that "the conduct of the attorney for [Defendant] may be imputed to [Defendant]."

Defendant filed a Rule 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted. In its brief in support of its motion to dismiss, Defendant argues, among other things, that the complaint fails to allege Defendant "directed, commanded, or knowingly authorized" the statements, and therefore, Defendant cannot be held vicariously liable for the allegedly defamatory statements.

The Trial Court granted the motion to dismiss holding "that Plaintiff failed to allege that Defendant exercised actual control over the actions of its attorney and failed to allege that the statement by the attorney was directed, commanded or knowingly authorized by the client." Plaintiffs filed a motion to alter or amend, which the Trial Court denied. Plaintiffs appeal to this Court.

## Discussion

Plaintiffs raise one issue on appeal: whether the Trial Court erred by granting a dismissal of their claim. Defendant raises an additional issue: whether this Court should award damages for a frivolous appeal. We will address each issue in turn.

Our standard of review as to the granting of a motion to dismiss is set out in *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714 (Tenn. 1997). In *Stein*, our Supreme Court explained:

A Rule 12.02(6), Tenn.R.Civ.P., motion to dismiss for failure to state a claim upon which relief can be granted tests only the legal sufficiency of the complaint, not the strength of a plaintiff's proof. Such a motion admits the truth of all relevant and material averments contained in the complaint, but asserts that such facts do not constitute a cause of action. In considering a motion to dismiss, courts should construe the complaint liberally in favor of the plaintiff, taking all allegations of fact as true, and deny the motion unless it appears that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Cook v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn. 1994). In considering this appeal from the trial court's grant of the defendant's motion to dismiss, we take all allegations of fact in the plaintiff's complaint as true, and review the lower court's legal conclusions *de novo* with no presumption of correctness. Tenn.R.App.P. 13(d); *Owens v. Truckstops of America*, 915 S.W.2d 420, 424 (Tenn. 1996); *Cook, supra*.

*Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997).

Our Supreme Court has held a client may be vicariously liable for the tortious acts or omissions of an attorney hired to represent the client "if the attorney's tortious actions were directed, commanded, or knowingly authorized by the [client]." *Givens v. Mullikin*, 75 S.W.3d 383, 393 (Tenn. 2002). Vicarious liability does not arise merely by virtue of the attorney-client relationship. *Id*. at 395-96.

We review the complaint taking all allegations of fact as true, as we must, to determine if the Plaintiffs have alleged any set of facts that would allow Plaintiffs to recover against Defendant under a theory of vicarious liability. We note that Plaintiffs did not sue the attorney who allegedly made the statements, but instead sued only his client, Defendant.

Plaintiffs claim they have alleged sufficient facts in accord with *Givens*. It is true that in *Givens* our Supreme Court held that the complaint in that case sufficiently alleged facts showing that the defendant insurance company ("the insurer") who hired the attorney to defend its insured could potentially be held vicariously liable even though the complaint did not specifically allege that the insurer "directed or commanded" the actions of its attorney or that the attorney "obtained [the insurer's] authorization for its actions." *Id*. at 399. However, the *Givens* Court found that the complaint did allege facts that could reasonably infer that the plaintiff intended to prove the insurer directed or knowingly authorized the tortious acts. *Id*. Specifically, the *Givens* complaint alleged that the insurer had discharged a "highly competent and effective" attorney and then hired another attorney to begin the discovery process anew, implying that the insurer directed or authorized the new attorney to commit an abuse of process. *Id*. However, the *Givens* Court also held that the complaint failed to allege facts sufficient to hold the insured/client vicariously liable for the actions of the attorney. *Id*. Like the complaint in this case, the *Givens* complaint merely alleged that the client should be held liable by virtue of the attorney-client relationship and alleged no facts that would tend to show that the client, in contrast to the insurer, directed or knowingly authorized the tortious acts. *Id*.

A careful reading of the complaint in the instant case reveals no allegations that may reasonably infer that Plaintiffs intended to prove that Defendant "directed, commanded, or knowingly authorized" its attorney to make the statements at issue. The complaint merely alleges that the attorney "is an agent and is representing [Defendant]", that "[Defendant] is liable for the acts of its agents, taken by the agents in furtherance of [Defendant's] interest or business", and that "the conduct of the attorney for [Defendant] may be imputed to [Defendant]." Thus, the complaint alleges that Defendant should be held liable for the acts of its attorney based solely upon the attorney-client relationship. No facts are alleged that Defendant even knew about the alleged statements, much less that Defendant "directed, commanded, or knowingly authorized" its attorney to make the statements. Even if every allegation in Plaintiffs' complaint is true, and we assume the truth of each allegation in our analysis, Plaintiffs have pled no set of facts that would entitle them to recover against Defendant. We, therefore, affirm the Trial Court's order granting Defendant's motion to dismiss for failure to state a claim upon which relief may be granted.

We next consider whether this Court should award Defendant damages for a frivolous appeal. "A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that [an appeal] can ever succeed." *Industrial Dev. Bd. of the City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995) (quoting *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202 (Tenn. 1978)). Exercising our discretion, we decline to hold that this is a frivolous appeal, and further decline to award Defendant any additional attorney fees and costs incurred by this appeal.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for such further proceedings as may be required, if any, consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed against the Appellants, Louis A. Laurent and Barbara Laurent, and their surety.

_____
D. MICHAEL SWINEY, JUDGE