# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
September 22, 2004 Session

## LINDA JANE HOLT v. BILLY DALE HOLT

### Appeal from the Circuit Court for Greene County
### No. 01-CV-950     Ben K. Wexler, Judge

_____

### No. E2004-00673-COA-R3-CV - FILED NOVEMBER 12, 2004

_____

Linda Jane Holt ("Plaintiff") and Billy Dale Holt ("Defendant") were divorced in June of 2002. As part of the divorce judgment, Plaintiff was ordered to sell the marital residence and give $20,000 of the proceeds to Defendant. Defendant filed a petition for contempt in July of 2003, claiming Plaintiff had not sold the house. Plaintiff answered and filed a counter petition claiming Defendant had violated a permanent restraining order contained in the divorce decree by writing letters to her and their daughter. The Trial Court ordered Wife either to sell the house within four months or the Court Clerk would sell it at public auction. The Trial Court also ordered that Defendant be permanently restrained from sending Plaintiff and the parties' daughter letters or other written correspondence. The Trial Court also ordered Defendant to pay Plaintiff's attorney's fees and costs in connection with the petition for contempt and the counter petition. Defendant appeals the award of attorney's fees and costs. We vacate the award of attorney's fees and affirm the award of costs.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated, in part, Affirmed, in part; Case Remanded

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR. and SHARON G. LEE, JJ., joined.

Andrew N. Hall, Wartburg, Tennessee, for the Appellant, Billy Dale Holt.

Danny M. Hryhorchuk, Morristown, Tennessee, for the Appellee, Linda Jane Holt.

## OPINION

## Background

The parties' divorce judgment provided, among other things, that Plaintiff was to sell the marital residence and give Defendant $20,000 of the proceeds from the sale of the house. Plaintiff was to keep the remainder of the proceeds from the sale. The judgment also awarded to Defendant a 1994 Ford Ranger vehicle and all his personalty in his possession at the time. In addition, the judgment provided that Defendant was permanently restrained and enjoined from coming about, calling, or harassing Plaintiff or the parties' daughter. Defendant was incarcerated at the time of the divorce.

Plaintiff listed the house for sale for several months, but took it off the market when it did not sell. Plaintiff rented the house for a couple of months and then again listed it for sale but at a higher price than in the first listing.

As the house still had not sold by July of 2003, Defendant, who still was incarcerated, filed a petition for contempt requesting that the court, among other things, order the house sold "at the earliest possible date . . ." by the Clerk and Master. Plaintiff answered and filed a counter petition claiming, among other things, that Defendant had been harassing her and their daughter by sending them numerous letters allegedly in violation of the divorce judgment.

The Trial Court entered its order on February 2, 2004[1], ordering Plaintiff to sell the marital residence within four months or the Clerk of Circuit Court of Greene County would be ordered to sell the house through public auction. This order further provided that in addition to the restraints on Defendant contained in the divorce judgment, Defendant is permanently restrained and enjoined from sending Plaintiff and their daughter letters, notes, or other written communication. In this order, the Trial Court reserved the issue of whether to award attorney's fees.

The Trial Court entered an order on February 11, 2004, ordering Defendant to pay Plaintiff's attorney's fees and costs in the amount of $1,761.30. Defendant appeals this award of attorney's fees and costs to this Court. Plaintiff claims this is a frivolous appeal.

## Discussion

Although not stated exactly as such, Defendant raises one issue on appeal: whether the Trial Court abused its discretion in ordering him to pay Plaintiff's attorney's fees

---

[1]The Trial Court inadvertently entered two orders that were substantially the same regarding these issues. The Trial Court corrected this error by an order entered February 9, 2004, directing which of the two orders was the order of the court. The February 9, 2004 order also made a correction by adding that Defendant was restrained and enjoined from sending his daughter letters, notes, or other written communication, in addition to the similar restraint as to Plaintiff provided in the previous two orders.

and costs. We first will address the issue of attorney's fees and then will discuss the issue of costs.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

Plaintiff argues that the award of attorney's fees was proper because a trial court has the discretion to consider the relative fault of the parties under Tenn. Code Ann. § 36-5-101(d)(1)(k) and award attorney's fees in a divorce proceeding. The basis for Plaintiff's Motion for Attorney Fees is that she was forced to hire an attorney to defend her as to Defendant's Petition for Contempt filed against her and to represent her as to her counter petition for contempt filed against Defendant. As noted earlier in this Opinion, the Trial Court in response to Defendant's Petition for Contempt ordered Plaintiff either to sell the house within four months or the Circuit Court Clerk would sell it at auction. It is clear from a review of the Trial Court's Order that to the extent that either party prevailed, Defendant at least obtained some relief in that the Trial Court put an end to any delay of the sale of the house. As to Plaintiff's counter petition, the Trial Court did not find Defendant in contempt but instead added additional restraints to those contained in the earlier divorce judgment in order to permanently restrain Defendant from sending letters, notes, or other written communication to Plaintiff or their daughter. From our review of the Trial Court's orders, it is clear that Defendant prevailed in his petition and that Plaintiff was only partially successful in her counter petition in that the Trial Court did not find Defendant to be in contempt but did add an additional restraint as to Defendant. This being so, we hold that it was error for the Trial Court to award Plaintiff her attorney's fees. Therefore, we vacate the award of attorney's fees to Plaintiff in the amount of $1,500.

We next address whether the Trial Court abused its discretion in ordering Defendant to pay Plaintiff's costs. Rule 54 of the Tennessee Rules of Civil Procedure provides, in pertinent part, that a court has the discretion to award costs and that allowable costs include "reasonable and necessary court reporter expenses for depositions or trials . . . ." Tenn. R. Civ. P. 54.04(2). "The trial court is vested with wide discretion in awarding these costs." *Wills & Wills, L.P. v. Gill*, 54 S.W.3d 283, 287 (Tenn. Ct. App. 2001). The Trial Court awarded Plaintiff costs in the amount of $261.30 to cover the expense of a court reporter for Defendant's deposition. The necessity for taking this deposition is the simple fact that Defendant was incarcerated, solely because of his own actions, at that time. We find no abuse of discretion in the Trial Court's award of costs to cover this expense of a court reporter. We, therefore, affirm the award to Plaintiff of costs in the amount of $261.30.

We next consider Plaintiff's issue regarding whether this is a frivolous appeal. "A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that [an appeal] can ever succeed." *Industrial Dev. Bd. of the City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995) (quoting *Combustion Eng'g, Inc. v. Kennedy*, 562

S.W.2d 202 (Tenn. 1978)).  Exercising our discretion, we decline to hold this is a frivolous appeal as Defendant has obtained some relief on appeal.

## **Conclusion**

The judgment of the Trial Court is vacated as to the award of attorney's fees in the amount of $1,500, and affirmed as to the award of costs in the amount of $261.30, and this cause is remanded to the Trial Court for collection of the costs below.  The costs on appeal are assessed equally against the Appellant, Billy Dale Holt, and his surety, and the Appellee, Linda Jane Holt.

_____
D. MICHAEL SWINEY, JUDGE