# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
September 19, 2011 Session

## VALERIE ROCHELLE EVANS ALBERTSON v. MATTHEW SCOTT ALBERTSON

**Appeal from the Chancery Court for Roane County**
**No. 16663      Frank V. Williams, III, Chancellor**

---

### No. E2010-02647-COA-R3-CV-FILED-SEPTEMBER 26, 2011

---

After more than seventeen years of marriage, Valerie Rochelle Evans Albertson ("Wife") sued Matthew Scott Albertson ("Husband") for divorce. After a trial, the Trial Court entered its Final Decree of Divorce on December 17, 2010 *nunc pro tunc* to November 8, 2010. In the Final Decree of Divorce the Trial Court, *inter alia*, awarded Wife a divorce, awarded Wife transitional alimony, divided the marital assets and debts, entered a permanent parenting plan with regard to the parties' minor child, and awarded Wife attorney's fees. Husband appeals the property division and the award of alimony. The record on appeal contains no transcript or statement of the evidence. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;
Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

James S. Smith, Jr., Rockwood, Tennessee, for the appellant, Matthew Scott Albertson.

Browder G. Williams, Kingston, Tennessee, for the appellee, Valerie Rochelle Evans Albertson.

## MEMORANDUM OPINION[1]

Although not stated exactly as such, Husband raises two issues on appeal: 1) whether the Trial Court erred by failing to divide the martial property equitably; and, 2) whether the Trial Court erred in awarding Wife transitional alimony. Wife requests that we hold Husband's appeal frivolous and award her attorney's fees on appeal.

Our review of this case has been severely hampered by the fact that we have been provided neither a transcript of the hearing nor a statement of the evidence. As we have stated many times, "[t]his court cannot review the facts de novo without an appellate record containing the facts, and therefore, we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings." *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992). Husband, as the appellant, had the duty "to prepare a record which conveys a fair, accurate and complete account of what transpired in the trial court with respect to the issues which form the basis of the appeal." *Nickas v. Capadalis*, 954 S.W.2d 735, 742 (Tenn. Ct. App. 1997) (quoting *State v. Boling*, 840 S.W.2d 944, 951 (Tenn. Crim. App. 1992)). Husband failed to prepare an adequate record on appeal.

The issues raised by Husband are fact intensive, and the Trial Court stated in its Final Decree of Divorce that it heard testimony from the parties. Without a transcript or statement of the evidence, we must assume that the record, had it been preserved, would have contained sufficient evidence to support the Trial Court's findings. As such, we affirm the Trial Court's Final Decree of Divorce.

We turn now to Wife's request that we hold Husband's appeal frivolous and award her attorney's fees on appeal. "'A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that [an appeal] can ever succeed.'" *Morton v. Morton*, 182 S.W.3d 821, 838 (Tenn. Ct. App. 2005) (quoting *Industrial Dev. Bd. of the City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995)). As Husband failed to provide this Court with a record which would allow us to review the Trial Court's findings, we find that this appeal had no prospect of succeeding. We, therefore, award Wife a judgment against Husband for her attorney's fees on appeal. We remand this case to the Trial Court for a determination of the appropriate amount of Wife's attorney's fees on appeal.

---

[1] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for further proceedings consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed against the appellant, Matthew Scott Albertson, and his surety.

_____
D. MICHAEL SWINEY, JUDGE