IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 26, 2012 Session

**MULUGETA ABEBE, ET AL. v. SOLOMON HAILE BIRHANE, ET AL.**

**Appeal from the Chancery Court for Davidson County**
**No. 07-2105-I     Claudia C. Bonnyman, Chancellor**

_____

**No. M2011-01987-COA-R3-CV - Filed October 29, 2012**

_____

Mulugeta Abebe[1], Eshetu Yalemwossen, and Girma Ejegu ("Plaintiffs") sued Solomon Haile Birhane[2] and Frehiwot Tesfagzi ("Defendants") seeking, in part, a declaration of the parties' rights with regard to a Raceway Service Station ("the Raceway Store") located in Hermitage, Tennessee. After a trial, the Trial Court entered its Final Order on October 18, 2010 finding and holding, *inter alia*, that Plaintiffs and Defendants are partners in the Raceway Store with each one of the five partners holding a 20% interest in the partnership, and that the parties had an agreement that once overhead was met the Raceway Store would repay Plaintiffs their capital contribution. Defendants appeal to this Court. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;**
**Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and JOHN W. MCCLARTY, J., joined.

Gary D. Copas, Nashville, Tennessee, for the appellants, Solomon Haile Birhane and Frehiwot Tesfagzi.

Lynda F. Jones and Maria Pardue, Nashville, Tennessee, for the appellees, Mulugeta Abebe, Eshetu Yalemwossen, and Girma Ejegu.

---

[1]Within the record on appeal Mr. Abebe's last name is spelled as 'Abebe' in some places and as 'Agebe' at others. We utilize in this Opinion the spelling that appears on the Complaint.

[2]Within the record on appeal Mr. Birhane's first name is spelled as 'Solomon' in some places and as 'Soloman' at others. We utilize in this Opinion the spelling that appears on the Answer to the Complaint.

# MEMORANDUM OPINION[3]

## Background

Plaintiffs and Defendants are partners in the Raceway Store, which they purchased in 2006. Shortly after the purchase of the Raceway Store, disagreements arose between Plaintiffs and Defendants. Plaintiffs filed this suit seeking, in part, a determination with regard to the parties' rights in the Raceway Store.

The case proceeded to trial and after trial, the Trial Court entered its Final Order on October 18, 2010 finding and holding, *inter alia*, that Plaintiffs had carried their burden to show by clear and convincing evidence that Plaintiffs and Defendants are partners in the Raceway Store with each one of the five partners holding a 20% interest in the partnership. The Final Order further found and held, *inter alia*:

> The partners agreed that Mr. Birhane will have his salary as manager of the Store of $1800 [sic] per month. The partners also agreed that after overhead is met, the Store would repay the Plaintiffs, Mulugeta Abebe, Eshetu Yalemwossen and Girma Ejegu, their capital contribution of $205,356.00. At this time, the balance owed from the Store is approximately $30,000.00. After these two obligations are paid, the partnership will pay the five partners each 20% of the profits. The term profit as used by the Court, is defined as revenue generated by the Raceway #961 after all expenses are paid. Mr. Abebe shall account to the other two capital contributors (the other two Plaintiffs), for their share of the capital contribution which has been repaid. All partners shall have access to the books of Raceway Store #961.

Defendants filed a motion to alter or amend, which the Trial Court denied. Defendants appeal to this Court.

---

[3] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

**Discussion**

Although not stated exactly as such, Defendants raise one issue on appeal: whether the Trial Court erred in returning capital contributions to Plaintiffs. Plaintiffs raise an issue regarding whether this appeal is frivolous.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

Defendants argue in their brief on appeal that the Revised Uniform Partnership Act, Tenn. Code Ann. § 61-1-101 *et seq.*, prohibits the return of capital contributions absent a dissolution. Defendants cite to two sections of the Revised Uniform Partnership Act in support of their argument, Tenn. Code Ann. § 61-1-807 and Tenn. Code Ann. § 61-1-401. Neither of these statutory sections supports Defendants' assertion.

Tennessee Code Ann. § 61-1-807 deals with the settlement of accounts between partners "upon winding up the partnership business." Tenn. Code Ann. § 61-1-807(b) (2002). In the case now before us on appeal, the partnership business, i.e., the Raceway Store, is not being wound up. Thus, Tenn. Code Ann. § 61-1-807 is not applicable to the case now before us at this time.

Tennessee Code Ann. § 61-1-401 deals with a partner's rights and duties and, among other things, speaks to the fact that each partner is deemed to have a partnership account. The fact that Tenn. Code Ann. § 61-1-401 states that each partner is deemed to have an account "[c]redited with an amount equal to the money plus the value of any other property, … the partner contributes to the partnership …" does not expressly prohibit the return of capital contributions.

Defendants also cite to *In re: Tennol Energy Co.*, 127 B.R. 820 (Bankr. E. Tenn. 1991), a federal bankruptcy court memorandum opinion approving a compromise of an adversary proceeding. This opinion from the federal bankruptcy court is neither binding nor persuasive upon this Court. Furthermore, the case now before us does not involve a bankruptcy and is easily distinguishable from the federal bankruptcy case. Additionally, we note that in *In re: Tennol Energy Co.,* the bankruptcy court when discussing the allegedly wrongful return of capital investments relied upon sections of Tenn. Code Ann. which were repealed effective in 1989, long before the formation of the partnership involved in the case

now before us on appeal. The *In re: Tennol Energy Co.* case simply provides no support for Defendants' argument.

Defendants have cited to no law, nor has our research revealed any, which would prohibit the Trial Court and this Court from upholding the parties' agreement. The Trial Court found that the parties had agreed "that after overhead is met, the Store would repay the Plaintiffs, Mulugeta Abebe, Eshetu Yalemwossen and Girma Ejegu, their capital contribution of $205,356.00." The evidence in the record on appeal does not preponderate against this finding. We, therefore, affirm the Trial Court's October 18, 2010 Final Order.

We turn now to Plaintiffs' issue regarding whether this appeal is frivolous. "'A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that [an appeal] can ever succeed.'" *Morton v. Morton*, 182 S.W.3d 821, 838 (Tenn. Ct. App. 2005) (quoting *Industrial Dev. Bd. of the City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995)). In the exercise of our discretion we decline to hold this appeal frivolous.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellants, Solomon Haile Birhane and Frehiwot Tesfagzi, and their surety.

_____
D. MICHAEL SWINEY, JUDGE