IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 8, 2025 Session

## ALEXANDER GEORG WARNATZSCH v. ASHLY CAMILLE WARNATZSCH

**Appeal from the Chancery Court for Rutherford County
No. 22CV-968     Bonita Jo Atwood, Judge**

---

### No. M2024-01298-COA-R3-CV

---

This appeal concerns the modification of a parenting plan.  Alexander Georg Warnatzsch ("Father") filed a petition against his ex-wife Ashly Camille Warnatzsch ("Mother") in the Chancery Court for Rutherford County ("the Trial Court") seeking to modify the parties' parenting plan concerning their three minor children.  Mother exercised most of the parenting time under the original plan.  Following a hearing, the Trial Court found that Father had proven a material change in circumstances and that the residential parenting schedule should be modified.  Mother remained primary residential parent, but Father was granted equal parenting time.  Mother appeals, raising various issues implicating the Trial Court's discretion.  We find no reversible error.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;
Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which W. NEAL MCBRAYER and JEFFREY USMAN, JJ., joined.

Corletra Mance, Nashville, Tennessee, for the appellant, Ashly Camille Warnatzsch.

W. Scott Kimberly, Murfreesboro, Tennessee, for the appellee, Alexander Georg Warnatzsch.

# OPINION

## Background

In August 2019, a permanent parenting plan was entered in the divorce proceedings between Mother and Father. Under this plan, Mother was designated primary residential parent of the parties' three minor children and received most of the parenting time. In June 2022, Father filed a petition in the Trial Court seeking to modify the plan. Father asserted that a material change of circumstances had occurred such that he should receive equal parenting time. Mother filed an answer in opposition. The Trial Court heard the petition on April 30, 2024, May 1, 2024, and May 22, 2024. The record on appeal contains no trial transcript.

In August 2024, the Trial Court entered an order finding that Father had proven a material change of circumstances by a preponderance of the evidence. The Trial Court found further that the residential parenting schedule should be modified. In so doing, the Trial Court conducted a detailed review of the best interest factors set out in Tenn. Code Ann. § 36-6-106(a). Ultimately, Mother remained primary residential parent, but Father was granted equal parenting time. In its order, the Trial Court found that it "did have some concerns with the credibility of Mother's testimony and weighs her testimony accordingly." On the other hand, the Trial Court found Father "to be credible in the majority of his testimony and weighs his testimony accordingly." Mother timely appealed to this Court.

## Discussion

Although not stated exactly as such, Mother raises the following issues on appeal: 1) whether the Trial Court erred by granting Father the Federal Income Tax Exemption every year instead of alternating it; 2) whether the Trial Court erred in not alternating the Thanksgiving holiday; 3) whether the Trial Court erred in not allowing third parties to assist with visitation exchanges; and 4) whether the Trial Court erred in ordering a reduction in Father's child support by $400 per month for 17 months to account for his overpayments. Mother identifies a fifth issue asserting ineffective assistance of trial counsel, but she never argues the issue in the body of her brief.[1] At oral argument, Mother acknowledged she is not pursuing this issue. For his part, Father raises a separate issue of whether Mother's brief is so deficient that her issues are waived. Father also contends that Mother's appeal is frivolous.

---

[1] Mother had a different attorney at trial.

Regarding changes to permanent parenting plans, our Supreme Court has stated: "In assessing a petition to modify a permanent parenting plan, the court must first determine if a material change in circumstances has occurred and then apply the 'best interest' factors of section 36-6-106(a)." *Armbrister v. Armbrister*, 414 S.W.3d 685, 697-98 (Tenn. 2013). This Court has stated:

> Where the issue before the court is a modification of the residential parenting schedule only, the threshold for determining whether there has been a material change of circumstances is much lower as compared to the threshold for modification of the primary residential parent. To modify the residential parenting schedule, a showing that the current schedule is not workable for the parties can be enough to satisfy the material change of circumstances standard.

*Drucker v. Daley*, No. M2019-01264-COA-R3-JV, 2020 WL 6946621, at *6 (Tenn. Ct. App. Nov. 25, 2020), *no appl. perm. appeal filed* (quotation marks, citations, and footnote omitted). "Trial courts have broad discretion to work out the details of parenting plans." *Id*. at *5.

In *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515 (Tenn. 2010), the Tennessee Supreme Court discussed the abuse of discretion standard at length, stating:

> The abuse of discretion standard of review envisions a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal. *Beard v. Bd. of Prof'l Responsibility*, 288 S.W.3d 838, 860 (Tenn. 2009); *State ex rel. Jones v. Looper*, 86 S.W.3d 189, 193 (Tenn. Ct. App. 2000). It reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives. *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 708 (Tenn. Ct. App. 1999). Thus, it does not permit reviewing courts to second-guess the court below, *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999), or to substitute their discretion for the lower court's, *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003); *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998). The abuse of discretion standard of review does not, however, immunize a lower court's decision from any meaningful appellate scrutiny. *Boyd v. Comdata Network, Inc.*, 88 S.W.3d 203, 211 (Tenn. Ct. App. 2002).

> Discretionary decisions must take the applicable law and the relevant facts into account. *Konvalinka v. Chattanooga-Hamilton County Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008); *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996). An abuse of discretion occurs when a court strays

beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision. *State v. Lewis*, 235 S.W.3d 136, 141 (Tenn. 2007). A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence. *State v. Ostein*, 293 S.W.3d 519, 526 (Tenn. 2009); *Konvalinka v. Chattanooga-Hamilton County Hosp. Auth.*, 249 S.W.3d at 358; *Doe 1 ex rel. Doe 1 v. Roman Catholic Diocese of Nashville*, 154 S.W.3d [22,] 42 [(Tenn. 2005)].

To avoid result-oriented decisions or seemingly irreconcilable precedents, reviewing courts should review a lower court's discretionary decision to determine (1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the lower court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the lower court's decision was within the range of acceptable alternative dispositions. *Flautt & Mann v. Council of Memphis*, 285 S.W.3d 856, 872-73 (Tenn. Ct. App. 2008) (quoting *BIF, a Div. of Gen. Signal Controls, Inc. v. Service Constr. Co.*, No. 87-136-II, 1988 WL 72409, at *3 (Tenn. Ct. App. July 13, 1988) (No Tenn. R. App. P. 11 application filed)). When called upon to review a lower court's discretionary decision, the reviewing court should review the underlying factual findings using the preponderance of the evidence standard contained in Tenn. R. App. P. 13(d) and should review the lower court's legal determinations de novo without any presumption of correctness. *Johnson v. Nissan N. Am., Inc.*, 146 S.W.3d 600, 604 (Tenn. Ct. App. 2004); *Boyd v. Comdata Network, Inc.*, 88 S.W.3d at 212.

*Beecher*, 312 S.W.3d at 524-25. With respect to witness credibility, we defer to a trial court's credibility determination absent clear and convincing evidence to the contrary. *Kelly v. Kelly*, 445 S.W.3d 685, 692 (Tenn. 2014).

We begin with Father's issue concerning whether Mother's brief is so deficient that her issues are waived. Citing Rule 27 of the Tennessee Rules of Appellate Procedure and Rule 6 of the Rules of the Tennessee Court of Appeals, Father asserts that Mother's brief is deficient in multiple respects, such as by failing to properly cite to the record. Father also contends that Mother's arguments are skeletal in nature. Father is correct in that Mother's brief is not ideal by any stretch. However, what Mother is asking for is clear enough. Her brief is not so poor as to warrant finding all her issues waived, a drastic

remedy. Given our preference for resolving appeals on the merits, and under the specific circumstances of this case, we elect to press on despite the deficiencies in Mother's brief.

Unfortunately, we lack the benefit of a transcript of the hearing below. The record contains a purported statement of evidence by Mother, but it is unhelpful to Mother. The purported statement of evidence is merely a recitation of the Trial Court's order with some remarks by Mother inserted. As it is primarily a recitation of the Trial Court's order, it not surprisingly supports the Trial Court's order. Therefore, we are effectively limited to reviewing the Trial Court's order on its face. *See Gross v. McKenna*, No. E2005-02488-COA-R3-CV, 2007 WL 3171155, at *3 (Tenn. Ct. App. Oct. 30, 2007), *perm. app. denied May 5, 2008* ("Because of the absence of a proper record, we are limited to addressing those issues which raise pure questions of law, as well as any issues challenging the trial judge's application of the law to the *facts as stated by the judge himself* in his memorandum opinions."). In doing so, we presume that the evidence supported the Trial Court's findings of fact. *See In re K.A.P.*, No. W2012-00281-COA-R3-JV, 2013 WL 6665012, at *6 (Tenn. Ct. App. Dec. 17, 2013), *no appl. perm. appeal filed* ("Where the appellant fails to prepare an adequate appellate record, we are unable to determine where the preponderance of the evidence lies as to the trial court's findings of fact and have no choice but to assume that the record, had it been preserved and provided to us, would have contained sufficient evidence to support those factual findings.").

Turning to Mother's issues, we address whether the Trial Court erred by granting Father the Federal Income Tax Exemption every year instead of alternating it. Mother asserts that since Mother and Father have equal parenting time, it would be equitable to alternate the exemption. "The decision of a trial court regarding the allocation of exemptions for minor children is discretionary and should rest on facts of the particular case." *Chandler v. Chandler*, No. W2006-00493-COA-R3-CV, 2007 WL 1840818, at *9 (Tenn. Ct. App. June 28, 2007), *no appl. perm. appeal filed*; *see also Culpepper v. Culpepper*, No. E2014-00815-COA-R3-CV, 2015 WL 6735909, at *4-5 (Tenn. Ct. App. Nov. 4, 2015), *no appl. perm. appeal filed*.

First, as Mother recognizes in her brief, this is a discretionary decision for the Trial Court. That alternating the tax exemption might have been another acceptable outcome is not a basis for overturning the Trial Court's decision. Second, in its order, the Trial Court stated: "The proof also showed that when Mother worked at Calendars lounge, she testified she would sometimes make two thousand dollars ($2,000.00) a night in tips, but never reported the income to the IRS, and never paid taxes on the income." Thus, it could well be that the Trial Court factored Mother's accounting practices or lack thereof into its decision-making on who should receive the tax exemption. Without a transcript or helpful statement of the evidence, we are left only with the Trial Court's factual findings and

credibility determinations. In any case, the Trial Court's decision to award the tax exemption to Father neither lacked a factual basis, failed to properly identify and apply the most appropriate legal principles applicable to the decision, nor fell outside the range of acceptable alternative dispositions. We find no abuse of discretion on this issue.

We next address whether the Trial Court erred in not alternating the Thanksgiving holiday. Under the permanent parenting plan, Mother has the children up through 2:00 p.m. on Thanksgiving Day, and then Father picks them up. This does not alternate annually. At oral argument, counsel for Mother explained that this means the children will always have Thanksgiving dinner with Father. Mother says that it is in the children's best interest to alternate. Again, however, the standard is abuse of discretion. Just because one reasonable outcome might have been to alternate annually which parent receives the children after 2:00 p.m. on Thanksgiving does not mean it was the only option. Mother fails to explain why her opposition to the Trial Court's decision on the Thanksgiving holiday goes beyond mere disagreement to constitute an abuse of discretion. The Trial Court's decision regarding the Thanksgiving holiday neither lacked a factual basis, failed to properly identify and apply the most appropriate legal principles applicable to the decision, nor fell outside the range of acceptable alternative dispositions. We find no abuse of discretion on this issue.

Mother's next issue is whether the Trial Court erred in not allowing third parties to assist with visitation exchanges. On this issue, the Trial Court stated: "The parents shall not utilize third parties for visitation exchanges without an Order of this Court. Be the parent if you want to be the parent. Father will go, Mother will go, and you will act like adults." In her brief, Mother states that "[i]f there is no evidence that the presence of a third party would harm the child, the court may find it reasonable to allow such arrangements to facilitate smooth and conflict-free exchanges." Mother asserts that this is in the children's best interest. First, as with the other issues, our review is hindered by the lack of a trial transcript. Moreover, Mother has again proposed tinkering with the details of the Trial Court's decision-making on the parenting plan. Details such as the manner of how visitation exchanges are to go fell squarely within the Trial Court's discretion. We do not second-guess or tweak such details of a parenting plan on appeal. There is nothing unreasonable about the Trial Court's requiring the parents to conduct the visitation exchanges themselves. Indeed, the Trial Court may have intended this provision to encourage more direct parental involvement with the children. Mother has failed to show an abuse of discretion. Mother has not provided an adequate record to demonstrate the Trial Court's decision lacked a factual basis nor has she demonstrated that the Trial Court failed to properly identify and apply the appropriate legal principles or that its decision fell outside the range of acceptable alternatives. We find no abuse of discretion on this issue.

We next address whether the Trial Court erred in ordering a reduction in Father's child support by $400 per month for 17 months to account for his overpayments. Mother states: "The Mother is not opposing the amount of the child support obligation but the way the over payment is being distributed. The Mother makes significantly less money and by allowing the Father to pay child support at a $400.00 reduction for the next seventeen (17) months is detrimental to the Mother's financial situation." Mother again invokes the children's best interest. In general, subject to the Child Support Guidelines, child support decisions are reviewed for abuse of discretion. *See Richardson v. Spanos*, 189 S.W.3d 720, 725 (Tenn. Ct. App. 2005).

While Mother says that the schedule ordered by the Trial Court is "detrimental" to her finances, that could be said by any litigant ordered to repay money owed. It is a generic argument. The relevant question is whether the schedule constitutes an abuse of discretion, and Mother has failed to articulate exactly how it is. She has not demonstrated why this schedule, as opposed to another, was not one of the reasonable outcomes the Trial Court could order within its discretion. The Trial Court's decision on Mother's repayment schedule neither lacked a factual basis, failed to properly identify and apply the most appropriate legal principles applicable to the decision, nor fell outside the range of acceptable alternative dispositions. We find no abuse of discretion on this issue.

The final issue we address is Father's issue of whether Mother's appeal is frivolous. Father requests an award of costs and expenses for defending against what he contends is a frivolous appeal. Tenn. Code Ann. § 27-1-122 provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

"'A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that [an appeal] can ever succeed.'" *Morton v. Morton*, 182 S.W.3d 821, 838 (Tenn. Ct. App. 2005) (quoting *Industrial Dev. Bd. of the City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995)). Exercising our discretion, we decline to find Mother's appeal frivolous or to award Father any costs or expenses.

## **Conclusion**

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellant, Ashly Camille Warnatzsch, and her surety, if any.

_____
D. MICHAEL SWINEY, CHIEF JUDGE