IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 4, 2025

## LAILA RUMSEY v. REGIONS MORGAN KEEGAN TRUST, ET AL.

Appeal from the Chancery Court for Davidson County
No. 23-1004-II     Anne C. Martin, Chancellor

_____

### No. M2024-00913-COA-R3-CV

_____

This case originates in a dispute over the administration of two trusts created for Joseph Peter Meersman, Jr. ("Meersman"). Meersman has filed multiple lawsuits against former trustees Michael Castellarin ("Castellarin") and Regions Bank ("Regions") ("Defendants," collectively) alleging that they mismanaged the trusts. The trusts were terminated by court order in 2015. Laila Rumsey ("Rumsey"), Meersman's partner, sued Defendants in the Chancery Court for Davidson County ("the Trial Court") alleging that she too was damaged by Defendants' actions. Defendants filed motions to dismiss, which the Trial Court granted based on the statute of limitations. Rumsey filed a motion to alter or amend within thirty days of entry of judgment but, contrary to Tennessee Rule of Civil Procedure 59.04, did not serve Defendants within thirty days. The Trial Court denied Rumsey's motion as untimely. Rumsey appeals. Rule 59.04 requires such a motion be both "filed and served" within thirty days of entry of judgment. Rumsey failed to serve Defendants timely. Therefore, Rumsey's motion to alter or amend was untimely and did not toll the time in which to file a notice of appeal. We dismiss for lack of jurisdiction.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which JEFFREY USMAN and VALERIE L. SMITH, JJ., joined.

John Drake, Sterretts, Alabama, for the appellant, Laila Rumsey.

Lauren Paxton Roberts and Ann H. Murphy, Nashville, Tennessee, for the appellee, Michael Castellarin.

Lisa K. Helton and Alice E. Haston, Nashville, Tennessee, for the appellee, Regions Bank.[1]

_____

[1] Current and former Regions employees listed as participating through Regions are Melanie Cail, Melissa Cogar, Paul Gaddis, and Judy Stenson.

# OPINION

## Background

Meersman was the beneficiary of two trusts, both of which were terminated by court order in September 2015. Regions, a previous trustee for the trusts, was permitted to resign in October 2010. In February 2011, Castellarin was named successor trustee. Beginning in 2015, Meersman filed lawsuits alleging mismanagement of the trusts by Defendants. In July 2023, Meersman's partner, Rumsey, sued Defendants in the Trial Court. Rumsey was not a beneficiary of the trusts. However, Rumsey alleged that Defendants' mismanagement of the trusts led to severe hardship for Meersman, which in turn damaged Rumsey. Specifically, Rumsey alleged loss of consortium, intentional infliction of emotional distress, negligent infliction of emotional distress, conspiracy, and negligence. In response, Defendants filed motions to dismiss pursuant to Tenn. R. Civ. P. 12.02(6). On January 31, 2024, the Trial Court entered an order granting Defendants' motions. The Trial Court ruled that Rumsey's loss of consortium claim was barred by the one-year statute of limitations found at Tenn. Code Ann. § 28-3-104;[2] that Rumsey's claims of intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence were barred by the three-year statute of limitations found at Tenn. Code Ann. § 28-3-105; and that Rumsey's claim of conspiracy was a claim of injury to property and therefore was also barred by the three-year statute of limitations. The Trial Court awarded Regions attorney's fees and costs under Tenn. Code Ann. § 20-12-119(c), subject to the exhaustion of appeals.

On March 1, 2024, Rumsey filed a motion to alter or amend. Rumsey was still proceeding pro se at this juncture. Rumsey's motion was stamped "fax-filed" in the Trial Court. The motion contained no certificate of service. As to the substance of Rumsey's motion, Rumsey argued that a ten-year statute of limitations applied to her claims and thus they were timely. Rumsey also sought leave to file an amended complaint. Rumsey then retained counsel. On May 13, 2024, Rumsey's counsel filed a notice of appearance. Meanwhile, Defendants filed responses in opposition to Rumsey's motion. Regions attached to its response the sworn declaration of its counsel, Lisa K. Helton, stating that on March 4, 2024, Meersman emailed her a copy of Rumsey's motion to alter or amend; that to her knowledge neither she nor any one at her firm received any copies of the motion prior to March 4, 2024; and that Rumsey did not serve notice of the filing through the court's e-filing system. Attached to this declaration was an image of Meersman's email with attached PDF files titled "Motion to Alter Leave to File first Amend Complaint Certificate of Service," "Motion for leave of filing first amendend [sic] complaint," "IN THE CHANCERY COURT FOR THE STATE OF TENNESSEE," and "Motion to alter

---

[2] The Trial Court additionally ruled that Rumsey's loss of consortium claim must be dismissed since she was not married to Meersman. *See* Tenn. Code Ann. § 25-1-106 ("There shall exist in cases where such damages are proved by a spouse, a right to recover for loss of consortium.").

or amend Laila."[3]  On March 4, 2024, Rumsey purported to correct her omission of a certificate of service, filing an "amended complaint loss of consortium" and a certificate of service with respect to her motion to alter or amend judgment.  The certificate of service read: "I hereby certify that on the 4th day of March, 2024, a true and correct copy of the foregoing *Motion to Alter or Amend Judgement*, *Amended Complaint Loss of Consortium*, *leave to file First Amended Complaint* was sent by fax upon [Defendants' counsel]."

On May 20, 2024, the Trial Court entered an order denying Rumsey's motions to alter and amend and motion for leave to file first amended complaint.  The Trial Court stated, as relevant: "The Court finds the Motions are not well taken.  Plaintiff failed to timely serve the Motions on Defendants as required by Rule 59.04.  Further, Plaintiff attempts to raise new theories and legal arguments that were not previously argued or raised in the original Complaint."  On June 20, 2024, Rumsey filed a notice of appeal in this Court.

## **Discussion**

Although not stated exactly as such, Rumsey raises the issue of whether a ten-year statute of limitations applies to her claims.  Defendants assert that Rumsey's appeal must be dismissed for untimeliness, which is dispositive.  We agree.  Defendants further contend that this appeal is frivolous.

The dispositive issue, whether Rumsey's failure to timely serve Defendants with her motion to alter or amend renders this appeal untimely, concerns the interpretation of court rules.  We have discussed the standard of review for such questions thusly:

> In construing a statute or rule, our primary purpose is to give effect to the purpose of the legislature.  The interpretation of rules and statutes involve questions of law which appellate courts review de novo without a presumption of correctness.  In reaching our interpretation of a statute or rule, we look first to the plain language of the enactments, giving the words their ordinary and plain meaning.

*Steinberg v. Steinberg*, No. W2020-01149-COA-R3-CV, 2022 WL 4078519, at *5 (Tenn. Ct. App. Sept. 6, 2022), *no appl. perm. appeal filed* (citations omitted).

Certain motions toll the time a litigant has to file a notice of appeal to this Court. As our Supreme Court has explained:

---

[3] Counsel for Castellarin also was copied on the email.

-3-

The date of entry of a final judgment in a civil case triggers the commencement of the thirty-day period in which a party aggrieved by the final judgment must file either a post-trial motion or a notice of an appeal. *See* Tenn. R. Civ. P. 59.02; Tenn. R. App. P. 4(a)-(b). If timely, certain post-trial motions, such as Defendants' motion to alter or amend, will toll commencement of the thirty-day period for filing a notice of appeal until the trial court enters an order granting or denying the motion. Tenn. R. App. P. 4(b); *see Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). If a post-trial motion is not timely, the trial court lacks jurisdiction to rule on the motion. *See Binkley*, 117 S.W.3d at 255. Similarly, if the notice of appeal is untimely, the Court of Appeals lacks subject matter jurisdiction over the appeal. *Id*.; *see also* Tenn. R. App. P. 2 (stating that appellate courts may not suspend the thirty-day time period for filing a notice of appeal).

*Ball v. McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009) (footnotes omitted). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004). Pursuant to Tenn. R. App. P. 2 this Court may not waive the procedural defect. Tenn. R. App. P. 2. A final judgment is "one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)).

Regarding those motions which toll the time for appeal, Tenn. R. App. P. 4(b) states:

**(b) Termination by Specified Timely Motions in Civil Actions.** In a civil action, if a timely motion under the Tennessee Rules of Civil Procedure is filed in the trial court by any party: (1) under Rule 50.02 for judgment in accordance with a motion for a directed verdict; (2) under Rule 52.02 to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) under Rule 59.07 for a new trial; (4) under Rule 59.04 to alter or amend the judgment; the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.

Tenn. R. App. P. 4(b). With respect to the type of motion at issue in the appeal at bar, a motion to alter or amend, Tenn. R. Civ. P. 59.04 provides: "A motion to alter or amend a judgment shall be filed and served within thirty (30) days after the entry of the judgment."

On January 31, 2024, the Trial Court granted Defendants' motions to dismiss. The Trial Court found that each of Rumsey's claims was time-barred based on the applicable statute of limitations. There was nothing else for the Trial Court to decide after this. Thus,

the January 31, 2024 order constituted a final judgment. Rumsey had thirty days from entry of the January 31, 2024 order in which to file a notice of appeal with this Court or file in the Trial Court one of the motions provided by the rules which serve to toll the time to appeal. Rumsey chose the latter course and filed a motion to alter or amend. It is undisputed that Rumsey timely filed her motion to alter or amend on March 1, 2024. However, Rumsey did not serve Defendants until March 4, 2024, which was more than thirty days from entry of the final judgment. According to Defendants, under the authority of *Ball*, Rumsey's motion to alter or amend was not timely and did not serve to toll her time to file a notice of appeal.

In response, Rumsey points out that *Ball* featured a different scenario than that of the present case. In *Ball*, two judgments were at issue. 288 S.W.3d at 836. If the second judgment was the final judgment, the defendants' motion to alter or amend would have been timely. *Id*. If the first judgment was the final judgment, the defendants' motion would have been untimely, as it was filed more than thirty days after the first judgment's entry. *Id*. The High Court found the first judgment was final and that the defendants' motion to alter or amend was untimely. *Id*. at 837. The *Ball* Court concluded that the trial court lacked jurisdiction to rule on the motion, and that the Court of Appeals likewise lacked jurisdiction. *Id*. Thus, *Ball* concerned a motion to alter or amend that was not timely filed. Here, while Rumsey failed to timely serve her motion, she timely filed it. According to Rumsey, nothing in *Ball* stands for the proposition that a motion to alter or amend that is untimely served will not toll the time in which a litigant may file a notice of appeal. We have found no Tennessee case directly on point.

While *Ball* does not address the exact scenario before us, it does state that "[i]f a post-trial motion is not timely, the trial court lacks jurisdiction to rule on the motion." 288 S.W.3d at 836. We therefore look to whether Rumsey's motion was timely. The language of Tenn. R. Civ. P. 59.04 is mandatory: "A motion to alter or amend a judgment <u>shall</u> be filed <u>and</u> served within thirty (30) days after the entry of the judgment." (Emphasis added). Words have meaning, and we are not at liberty to ignore the language of the Rule as written by the Tennessee Supreme Court. Tenn. R. Civ. P. 59.04 is clear that a motion to alter or amend must be both filed and served within thirty days after the entry of judgment to be timely. The conjunctive use of the word "and" is significant. No distinction is made in the rule as to the necessity of both timely filing and serving the motion; both must be done within thirty days of the entry of judgment. We will not infer a distinction that is not in the plain language of the Rule. Therefore, we conclude that under a plain reading of Tenn. R. Civ. P. 59.04, a motion to alter or amend that is not both filed *and served* within thirty days after the entry of the judgment is untimely and does not serve to toll the time in which a litigant may file a notice of appeal.

In the present matter, Defendants were served with Rumsey's motion to alter or amend on March 4, 2024, more than thirty days from the entry of judgment on January 31, 2024. Rumsey filed her notice of appeal with this Court on June 20, 2024, well beyond thirty days from the entry of judgment. As Rumsey's notice of appeal was untimely filed, we lack jurisdiction to consider her appeal. This appeal is dismissed for lack of jurisdiction.

The final issue we address is Defendants' issue of whether Rumsey's appeal is frivolous. Defendants request costs and expenses for defending against what they contend is a frivolous appeal. Tenn. Code Ann. § 27-1-122 provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

"'A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that [an appeal] can ever succeed.'" *Morton v. Morton*, 182 S.W.3d 821, 838 (Tenn. Ct. App. 2005) (quoting *Industrial Dev. Bd. of the City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995)). Exercising our discretion, we decline to find Rumsey's appeal frivolous or to award Defendants any costs or expenses.

## Conclusion

The appeal is dismissed for untimeliness, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellant, Laila Rumsey, and her surety, if any.

_____
D. MICHAEL SWINEY, CHIEF JUDGE